**Chuan Ming HUANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 02–8432.

United States Court of Appeals, Second Circuit.

Dec. 23, 2004.

Henry Zhang, Zhang & Associates, P.C., New York, NY, for Petitioner.

Michael R. Holden, Assistant United States Attorney for David N. Kelley, United States Attorney for the Southern District of New York (Meredith E. Kotler, Assistant United States Attorney), New York, NY, for Respondent, of counsel.

PRESENT: MESKILL, CALABRESI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Chuan Ming Huang ("Huang" or "the petitioner"), a native and citizen of the People's Republic of China, petitions for review of a December 4, 2002 order of the Board of Immigration Appeals ("the Board" or "the BIA"). Huang entered the United States unlawfully on September 2, 1999. Shortly thereafter, he was placed in removal proceedings. Huang conceded removability, but sought asylum, withholding of removal and protection under the Convention Against Torture. The basis for Huang's claims for relief was his (and his wife's) alleged persecution at the hands of birth control officials in China.

A hearing on Huang's claims for relief was held on February 2, 2001. At the outset of that hearing, Huang's attorney requested that several minor changes be made to Huang's previously submitted asylum application. Huang then affirmed the veracity of the application, as amended. Following this, Huang testified at length (primarily in response to questions by the Immigration Judge ("IJ")) as to the nature of the alleged persecution.

At the conclusion of the hearing, the IJ rendered an oral decision, finding Huang's testimony to be incredible, and denying Huang all relief. The IJ's decision also included a determination, as provided for in Immigration and Nationality Act ("INA") § 208(d)(6), that Huang knowingly filed a frivolous asylum application. *See* 8 U.S.C. § 1158(d)(6) (indicating that an alien who is found to have knowingly filed a frivolous asylum application will be permanently barred from receiving immigration benefits under the INA). The IJ's decision specified numerous bases for concluding that Huang's testimony was not credible, including multiple inconsistencies

between Huang's testimony and the written application submitted by Huang.

Huang appealed the IJ's decision to the BIA. On appeal, Huang made various claims of error, but did not specifically identify which aspects of the IJ's credibility finding he found objectionable. On December 4, 2002, the BIA issued a per curiam order, affirming the IJ's decision denying Huang relief. The Board noted that the IJ had based his adverse credibility finding on "numerous discrepancies in [Huang]'s account" and that Huang had not challenged those discrepancies on appeal. Huang filed a timely petition for review.

The government argues as a preliminary matter that Huang did not adequately exhaust administrative remedies, as required by 8 U.S.C. § 1252(d). *See* 8 U.S.C. § 1252(d) (indicating that "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."). Determining the validity of this argument would require us to address a number of potentially complicated exhaustion issues. Because the merits of Huang's claims, by contrast, are easily disposed of, we need not reach this preliminary issue. *See, e.g., Abimbola v. Ashcroft*, 378 F.3d 173, 181 (2d Cir.2004) (exercising hypothetical jurisdiction over an alien's claims).

On the merits, we conclude that the IJ's [1] decision should be affirmed. The story told by Huang during his asylum hearing directly contradicted the story set forth in his written asylum application on numerous grounds. Despite Huang's contentions on appeal, these inconsistencies were not on minor matters, collateral to the issue of asylum eligibility. *Cf. Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003) (noting that it is inappropriate for the Executive Office for Immigration Review to base an adverse credibility finding solely on minor inconsistencies in an asylum applicant's testimony). On the contrary, these inconsistencies went to the very heart of Huang's asylum claim, and seriously undermined his credibility. In addition, the IJ properly found that parts of Huang's testimony and submissions were inherently implausible, and that these implausibilities further diminished Huang's credibility. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 n. 6 (2d Cir. 2003).

Huang argues, however, that he was not given the opportunity to explain the inconsistent and improbable aspects of his testimony.[2] This claim is belied by the record. The IJ offered Huang repeated opportunities to provide a reasonable explanation for the problematic aspects of his testimony. Huang simply failed to do so.

Under these circumstances, we find that the IJ's decision to deny Huang relief is amply supported by the record. We also conclude that Huang's contentions that the IJ erred in making a finding of frivolousness pursuant to INA § 208(d)(6) are not supported by the record.

---

1. In its per curiam order, the Board indicated that its affirmance of the IJ's decision constituted a "statement that the Board's conclusions upon review of the record coincide with those the Immigration Judge articulated in his . . . decision." We thus review the IJ's decision directly as the more fully reasoned agency decision below. *See Yu Sheng Zhang v. DOJ*, 362 F.3d 155, 158 (2d Cir.2004) (per curiam).

2. Were we to conclude that the IJ failed to give Huang an adequate opportunity to explain the inconsistent and improbable aspects of his testimony, we would, at a minimum, be compelled to reverse the IJ's finding of frivolousness under INA § 208(d)(6). *See* 8 C.F.R. § 208.20.

We have considered all of the petitioner's arguments and find them to be without merit. The petition for review of the BIA's decision is DENIED.