**Xin CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–40719.

United States Court of Appeals, Second Circuit.

April 28, 2005.

On submission: Dehai Zhang, Flushing, New York, for Petitioner.

On submission: Elizabeth Wolstein, New York, New York Margaret M. Chiara, United States Attorney, Hagen W. Frank, Assistant United States Attorney, Assistant United States Attorney, Grand Rapids, Michigan, for Respondent.

Present: KEARSE, JACOBS, and CALABRESI Circuit Judges.

### *SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review is **DENIED.**

Xin Chen petitions for review of a final decision by the Board of Immigration Appeals ("BIA") entered on September 15, 2003, summarily affirming the order of the Immigration Judge ("IJ") entered December 17, 2001, denying her request for asylum, withholding of deportation and relief under the Convention Against Torture. We assume that the parties are familiar with the facts, the procedural history and the scope of the issues presented on appeal.

Chen alleges that she is likely to be persecuted in China for her opposition to environmental policy, specifically the government's handling of factory run-off that polluted her father's fish farm, which she allegedly opposed by a letter to the editor and a lawsuit against the government. As to asylum, we review the factual findings of the BIA under the "substantial evidence" standard, *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (per curiam), which is highly deferential, *see Zhou Yun Zhang v. U.S. I.N.S.*, 386 F.3d 66, 73 (2d Cir.2004). We review *de novo* the legal determinations of the BIA. *Khouzam v. Ashcroft*, 361 F.3d 161, 164 (2d Cir. 2004). Since the BIA adopted the conclusions of the IJ, we review the decision of the IJ as if it were that of the BIA. *Yu Sheng Zhang v. U.S. Dep't of Just.*, 362 F.3d 155, 158 (2d Cir.2004) *(per curiam)*.

The IJ found Chen to be not credible based on demeanor and his assessment of "the rationality, internal consistency, and inherent persuasiveness of her testimony." SPA 9. The vagaries and inconsistencies in Chen's story support the IJ's finding. *See Wu Biao Chen*, 344 F.3d at 275; *see also Zhou Yun Zhang*, 386 F.3d at 74. Upon entering the U.S., Chen cited economic reasons for entering, without citing any persecution. Although she later brought up the pollution issue, her account mutated in the telling. Denial on the basis of lack of credibility was appropriate. We have considered Chen's remaining challenges to the IJ's credibility finding and consider them to be without merit.

For the foregoing reasons, the petition is **DENIED.**