Alassane Diao DIALLO, Petitioner,

v.

UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE (INS), Respondent.

No. 02–4555.

United States Court of Appeals, Second Circuit.

May 18, 2005.

Ronald S. Salomon, New York, NY, for Petitioner.

David S. Rubenstein, (Kathy S. Marks, Assistant United States Attorney, on the brief, David N. Kelley, United States Attorney for the Southern District of New York,) United States Attorney's Office for the Southern District of New York, New York, NY, for Respondent, of counsel.

Present: MESKILL, NEWMAN and CABRANES Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition is hereby **DENIED.**

Petitioner appeals from a September 26, 2002 order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) final order of removal and denial of petitioner's applications for asylum and withholding of removal. Because the BIA adopted the IJ's decision, our review is of the IJ's decision. *See Zhang v. Dept. of Justice,* 362 F.3d 155, 158 (2d Cir.2004).

"When reviewing the denial of an application for asylum, federal courts defer to the immigration court's factual findings as long as they are supported by 'substantial evidence.' Under this standard, we will not disturb a factual finding if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). This standard is highly deferential. *See Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

Based on a thorough review of the record, we see no basis upon which to reverse the IJ's conclusion that because petitioner was not credible, and did not provide sufficient corroborating evidence, he has failed to meet his burden of showing either "past persecution or a well-founded fear of future persecution." *Zhang,* 386 F.3d at 70.

We have considered petitioner's claims and found them to be without merit. We hereby **DENY** the petition for review.