**Mikail Abdalla MOHAMED, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General of the United States, and United States Immigration and Naturaliza-**

tion Service,** Respondents.

No. 03-4272.

United States Court of Appeals, Second Circuit.

May 23, 2005.

Giovanna Macri, Buffalo, N.Y., for Petitioner.

S. Dave Vatti, Assistant United States Attorney (William J. Nardini, Assistant United States Attorney,) for Kevin J. O'Connor, United States Attorney for the

** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as one of the respondents in this case.

District of Connecticut, for Respondents, of counsel.

Present: WINTER, KATZMANN, Circuit Judges and KRAVITZ, District Judge.*

SUMMARY ORDER

Mikail Abdalla Mohamed ("Mohamed"), a native and citizen of Somalia, petitions this Court for review of a January 9, 2003 order by the Board of Immigration Appeals ("BIA") summarily affirming, without opinion, the decision of the Immigration Judge ("IJ"). The IJ, on August 16, 2001, denied petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture.

We note at the outset that because the BIA summarily affirmed the IJ's decision, "it is appropriate ... to review the decision of the IJ directly." *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We therefore will review the IJ's factual findings for substantial evidence, but we note that the scope of our review is "exceedingly narrow." *See, e.g., Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999). Under the substantial evidence standard, a finding of fact must stand "if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales*, 331 F.3d at 307 (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). When the petitioner challenges a credibility finding made by an IJ and adopted by the BIA, "we afford '*particular* deference' in applying the substantial evidence standard," *Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004) (quoting *Montero v. INS*, 124 F.3d

* The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

381, 386 (2d Cir.1997)) (emphasis added); that is, we reverse an adverse credibility determination only if "a reasonable fact-finder would be compelled to credit [the petitioner's] testimony." *Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (per curiam). In addition, we note, that "[w]here, as here, an appeal turns on the *sufficiency* of the factual findings underlying the immigration court's determination that an alien has failed to satisfy [her] burden of proof, we will reverse the immigration court's ruling only if 'no reasonable fact-finder could have failed to find [to the contrary].'" *Id.* (emphasis added); *see also* 8 U.S.C. § 1252(b)(4)(B).

The petitioner principally challenges the IJ's determination that the petitioner failed to give credible testimony. We reject this challenge because, after reviewing the record as a whole, we find that the adverse credibility determination is supported by substantial evidence. For example, when the petitioner was asked at the immigration hearing to explain what harm he had previously endured in Somalia, the petitioner testified that in late 1991 the Hawiye militia raped his fourteen-year-old sister and that her rape prompted his family to leave Mogadishu. Yet at least twice before—on April 16, 1999 and April 20, 1999—the petitioner was asked to explain to the INS why he feared removal to Somalia, and the petitioner made no mention whatsoever of this seemingly significant incident. In addition, as the IJ noted, petitioner's testimony was inconsistent as to the reasons why his brother was killed. In his application for asylum, the petitioner claimed that the Hawiye militia killed his brother both because of his brother's light skin, a characteristic associated with the Benadiri group, and because his brother refused to support the Hawiye cause; however, at the immigration hearing, the petitioner admitted on cross-examination that he did not, in fact, know why the Hawiye militia killed his brother. In the face of inconsistencies such as these—both of which go to the heart of petitioner's claim of past persecution—we cannot say that a reasonable fact-finder would be *compelled* to conclude that petitioner's testimony was credible.

The petitioner also claims that: (1) contrary to the IJ's finding, he established that his fear of future persecution is well-founded; and (2) the BIA's summary affirmance of the IJ's decision violated the petitioner's due process rights, as well as BIA regulations. We disagree. As to the former, we conclude that a reasonable fact-finder would not be compelled to find that the petitioner's own fear of future persecution is objectively reasonable. As to the latter, the petitioner's claim is squarely foreclosed by this Court's decision in *Zhang v. U.S. Dept. of Justice,* 362 F.3d 155 (2d Cir.2004) (per curiam).

We have reviewed all of the petitioner's other claims and conclude that they are without merit. Accordingly, for the reasons stated above, the petition is DENIED and the order of the Board of Immigration Appeals is AFFIRMED.[1]

---

1. Because the IJ did not expressly hold that the petitioner's application for asylum was untimely but rather proceeded to address the merits of petitioner's asylum claim "out of an abundance of fairness," we, too, have considered—and rejected—petitioner's underlying asylum claim.