**Ming Huang WANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

No. 03–4071–AG.

United States Court of Appeals, Second Circuit.

May 23, 2005.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Annemarie E. Roll, Attorney, U.S., Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC (Peter D. Keisler, Assistant Attorney General, Civil Division, and Ethan Kanter, Senior Litigation Counsel, Office of Immi-

gration Litigation,) for Respondent, of counsel.

Present: CARDAMONE, KATZMANN, Circuit Judges, and KRAVITZ, Judge.*

## SUMMARY ORDER

Petitioner, Ming Huang Wang, a native and citizen of the People's Republic of China, petitions this Court for review of a December 20, 2002 order of the Board of Immigration Appeals (BIA), which affirmed, without opinion, a December 18, 2000 decision of Immigration Judge (IJ) Theresa Holmes–Simmons. The IJ denied Wang's application for asylum and withholding of deportation and found that Wang was not credible, that Wang's story was implausible, and that he supplemented his application with insufficient corroborating evidence.

■ Where the BIA affirms the IJ's decision without opinion, as here, this Court reviews the IJ's decision as the final agency determination. *See Zhang v. United States Dep't of Justice*, 362 F.3d 155, 158–59 (2d Cir.2004). We defer to an IJ's factual findings as long as they are supported by "substantial evidence." Under the substantial evidence standard, a finding of fact must stand "if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. Immigration & Naturalization Serv.*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. Immigration & Naturalization Serv.*, 232 F.3d 279, 287 (2d Cir.2000)). When the petitioner challenges a credibility finding made by an IJ and subsequently adopted by the BIA, "we afford 'particular deference' in applying the substantial evidence standard," *Zhang v. Immigration & Naturalization Serv.*, 386 F.3d 66, 73 (2d Cir.2004) (quoting *Montero v. Immigration & Naturalization Serv.*, 124 F.3d 381, 386 (2d Cir. 1997)); that is, we reverse an adverse credibility determination only if "a reasonable fact-finder would be compelled to credit [the petitioner's] testimony." *Chen v. Immigration & Naturalization Serv.*, 344 F.3d 272, 275 (2d Cir.2003). Upon a thorough review of the record, we conclude that the IJ's determination is supported by substantial evidence.

■ We also note that Wang additionally argues in his petition that he is eligible for withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. In order to receive relief under the Convention Against Torture, Wang was required to "establish that it is more likely than not that he ... would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2); *see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 184 (2d Cir.2004). Even if we had jurisdiction to review this claim, the IJ's finding was supported by substantial evidence. The record does not compel a reasonable fact-finder to find that the petitioner qualified for relief under the treaty. *Id.* at 177.

For the foregoing reasons, the petition for review is DENIED and the order of the BIA is AFFIRMED.

---

\* The Honorable Mark R. Kravitz, Judge of the United States District Court for the District of Connecticut, sitting by designation.