**Zaid Saeed HAITHAM, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, and Immigration and Naturalization Service, Respondent.**

**No. 02–4674.**

United States Court of Appeals, Second Circuit.

May 23, 2005.

William H. Berger, Berger & Berger, Buffalo, NY, for Petitioner.

Mary K. Roach, Assistant United States Attorney (Michael A. Battle, United States Attorney for the Western District of New York, on the brief), United States Attor-

---

ney's Office for the Western District of New York, Buffalo, NY, for Respondent.

Present: MESKILL, NEWMAN and CABRANES, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED** and the decision of the Board of Immigration Appeals is **AFFIRMED.**

Petitioner Zaid Saeed Haitham, a native and citizen of Yemen, petitions this Court for review of a September 30, 2002 order of the Board of Immigration Appeals ("BIA") affirming a July 11, 2000 decision by an immigration judge ("IJ") that denied petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16.[1] Where, as here, the BIA summarily affirmed the IJ's decision, we review the IJ's decision rather than the BIA's order. *See Zhang v. DOJ,* 362 F.3d 155, 158–59 (2d Cir.2004). We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

During his asylum hearing, petitioner testified that for several years in the 1970s he worked in the counterterrorism unit of South Yemen's Ministry of the Interior. He then studied engineering in the former Soviet Union. Upon petitioner's return to South Yemen in 1984, his work at the Ministry of the Interior no longer focused on counterterrorism. Following the unification of North and South Yemen in early 1990s, petitioner moved to the Ministry of Defense in the new nation's capital. However, in 1993, petitioner left his post and returned to the territory of the former South Yemen, correctly anticipating that a civil war would break out between the North and the South. He eventually participated in the 1994 civil war on the side of South Yemen. Several summons or arrest warrants for petitioner have been issued by Yemeni authorities between 1994 and the present time. In December 1994, petitioner was arrested but apparently released without being interrogated or harmed in any manner. In 1997, petitioner left Yemen and entered the United States.

In order to demonstrate his eligibility for asylum, an applicant must qualify as a "refugee" under 8 U.S.C. § 1101(a)(42)(A). *See* 8 U.S.C. § 1158(b)(1). "Refugee" status, in turn, requires a demonstration that an asylum applicant "is unable or unwilling to avail himself ... of the protection of [his country of nationality] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). We have previously held that "[w]ell-founded fear involves both a subjective and an objective component." *Abankwah v. INS,* 185 F.3d 18, 22 (2d Cir.1999) (internal quotation marks omitted). In order to satisfy the latter, "an applicant must present credible, specific, and detailed evidence—whether by [his] own testimony or corroborating proof— that a reasonable person in [his] position would fear persecution if returned to [his] native country." *Id.*

In this case, the IJ found that petitioner's account was not credible. The IJ further concluded that, even absent the adverse credibility finding, petitioner's testimony would have been insufficient to demonstrate that he suffered past persecution or satisfied either the subjective or objective component of well-founded fear of persecution.

1. On appeal, petitioner does not challenge the denial of his claim under the CAT.

On appeal, petitioner "concedes that the actions taken against him prior to his departure from Yemen to the United States do not rise to the level of past persecution." Petitioner nonetheless challenges the adverse credibility finding and the determination that he failed to make out his well-founded fear of persecution claim.

We review the IJ's decision for "substantial evidence," deferring to the IJ's factual findings if "supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)).

■ Upon review of the record of this case, we affirm the IJ's conclusion that, even assuming petitioner's testimony was credible, it failed to meet the objective component of well-founded fear of future persecution. Accordingly, we need not review the IJ's credibility finding or the subjective component of petitioner's claim.

With respect to the objective component, the IJ found that the evidence of petitioner's "involvement in investigating Muslim fundamentalist[s]" fell short of a "consistent and sufficiently detailed account necessary to provide a plausible and coherent account of the basis for his alleged fear." The IJ also found that petitioner "provided few details of the extent and purpose of his" alleged efforts to combat terrorism and Muslim fundamentalism before and during Yemen's civil war. Therefore, the IJ concluded that the petitioner's "involvement in ... these activities is remote to any claim of a fear of persecution and does not form a credible objective fear on that basis."

Upon review of the record, we conclude that a reasonable adjudicator would not be compelled to find otherwise. Petitioner's asylum claim is largely premised on the notion that he will face retaliation for his earlier efforts to combat militant Muslim fundamentalism. We hold that substantial evidence supported the IJ's conclusion that petitioner failed to present "credible, specific, and detailed" proof of his past activities, *Abankwah,* 185 F.3d at 22, that would satisfy the objective component of an asylum claim based on a well-founded fear of persecution.

■ An applicant who, like petitioner, fails to establish eligibility for asylum is necessarily unable to establish eligibility for withholding of removal. *See id.*

We have considered all of petitioner's arguments and found each of them to be without merit. Accordingly, the petition is **DENIED** and the decision of the Board of Immigration Appeals is **AFFIRMED.**