UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

———————

August Term, 2002

(Argued: May 22, 2003          Decided:    March 24, 2004)

No. 02-4395

———————

YU SHENG ZHANG,

*Petitioner*,

—V.—

UNITED STATES DEPARTMENT OF JUSTICE,
ATTORNEY GENERAL ASHCROFT,

*Respondent.*

———————

Before:

STRAUB, B.D. PARKER, and RAGGI, *Circuit Judges*.

Petition for review of an order of the Board of Immigration Appeals summarily affirming an Immigration Judge's denial of Zhang's application for asylum and withholding of removal.

Petition for review DENIED.

———————

_____BRUNO JOSEPH BEMBI, Hempstead, New York, *for Petitioner.*

MICHAEL M. KRAUSS, Assistant United States Attorney, Southern District

1

of New York (James B. Comey, United States Attorney; Kathy S. Marks and Jeffrey S. Oestericher, Assistant United States Attorneys, of counsel), New York, New York, *for Respondent.*

PER CURIAM.

Yu Sheng Zhang, a citizen of China, petitions for review of the July 22, 2002 decision of the Board of Immigration Appeals ("BIA" or "Board") summarily affirming an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. Zhang claims he fled China in 1993, leaving his pregnant wife and child behind, to escape persecution for violation of China's oppressive birth control policies. After a full hearing, the IJ denied Zhang's application, finding him not credible because his testimony was "neither consistent nor . . . plausible as to certain salient and core issues." Decision Tr. at 6. The BIA, using "streamlined" review procedures, see 8 C.F.R. § 3.1(a)(7)(ii) (2002) (recodified at 8 C.F.R. § 1003.1(a)(7)(ii) (2003)), affirmed the IJ's decision without opinion, and this timely petition for review followed.

Zhang asserts that the BIA, by having a single Board member summarily affirm the IJ's decision in his case, abused its discretion and denied him due process. He further argues that the IJ's credibility findings were not grounded in the record and, in any event, he is entitled to asylum as an individual subjected to a pattern and practice of persecution. We here address Zhang's due process challenge and conclude it to be without merit. By separate summary order also filed today, we reject Zhang's remaining arguments. Accordingly, the

2

petition for review is denied.

## I.    The Streamlined Review Procedures

Until 1999, BIA practice was to review all appeals from IJ decisions in three-member panels. See 8 C.F.R. § 3.1(a)(1) (1999). In response to statistics showing that appeals and motions to the BIA had increased more than nine-fold between 1984 and 1999, to some 28,000 per year, the BIA promulgated streamlined review procedures. See Executive Office for Immigration Review: Board of Immigration Appeals Streamlining, 64 Fed. Reg. 56,135, 56,135-36 (Oct. 18, 1999); see generally Dia v. Ashcroft, 353 F.3d 228, 235 (3d Cir. 2003) (en banc) (detailing background to streamlining regulations); Denko v. INS, 351 F.3d 717, 727, 730 n.10 (6th Cir. 2003) (same). Under these regulations, appeals to the BIA can be resolved by a single Board member who may summarily affirm an IJ's decision if he determines that the result reached by the IJ is correct and further concludes that: (1) any errors in the IJ's reasoning are either harmless or nonmaterial, and (2) the issue on appeal is either squarely governed by controlling precedent or too insubstantial to warrant full review by a three-member panel. See 8 C.F.R. § 3.1(a)(7)(ii) (2002). When the BIA summarily affirms an IJ's decision, the regulations provide for its order to state simply: "The Board affirms, without opinion, the result of the decision below. The decision below is, therefore, the final agency determination. See 8 CFR 3.1(a)(7)." Id. § 3.1(a)(7)(iii). That is, in fact, the extent of the BIA's decision in Zhang's case. Notably, the regulations specify that summary affirmance "does not necessarily imply approval of all of the [IJ's] reasoning;" it

3

signifies only that the BIA "approves the result reached in the decision below" and finds any errors by the IJ "harmless or nonmaterial." Id.

## II.    Due Process Challenge to Streamlining Procedures

Zhang asserts that the BIA's failure to "address the record" in deciding his appeal deprived him of "meaningful administrative review" in violation of due process. Zhang Br. at 51. Our sister circuits, presented with similar due process challenges to the BIA streamlining regulations, have uniformly rejected them. See Yuk v. Ashcroft, 355 F.3d 1222, 1229-32 (10th Cir. 2004); Loulou v. Ashcroft, 354 F.3d 706, 708-09 (8th Cir. 2003); Dia v. Ashcroft, 353 F.3d at 238-45; Denko v. INS, 351 F.3d at 725-30; Falcon Carriche v. Ashcroft, 350 F.3d 845, 849-52 (9th Cir. 2003); Georgis v. Ashcroft, 328 F.3d 962, 966-67 (7th Cir. 2003); Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1288-89 (11th Cir. 2003); Soadjede v. Ashcroft, 324 F.3d 830, 831-33 (5th Cir. 2003); Albathani v. INS, 318 F.3d 365, 375-79 (1st Cir. 2003); see also Khattak v. Ashcroft, 332 F.3d 250, 252-53 (4th Cir. 2003) (rejecting argument that streamlining regulations are "impermissibly retroactive"). We now join these courts in holding that the streamlining regulations' provision for summary affirmance of IJ decisions by a single Board member does not deprive an asylum applicant of due process.

Preliminarily, we observe that an alien's right to an administrative appeal from an adverse asylum decision derives from statute rather than from the Constitution. See Dia v. Ashcroft, 353 F.3d at 242; Albathani v. INS, 318 F.3d at 376; see also Guentchev v. INS, 77

F.3d 1036, 1037 (7th Cir. 1996) ("The Constitution does not entitle aliens to administrative appeals. . . . The Attorney General could dispense with the Board and delegate her powers to the immigration judges, or could give the Board discretion to choose which cases to review . . . ."). Even a criminal defendant has no constitutional right to appeal: "[t]he existence of his right to appeal and the parameters of that right find their roots in statutes and rules." Furman v. United States, 720 F.2d 263, 264 (2d Cir. 1983) (per curiam); see also Abney v. United States, 431 U.S. 651, 656 (1977).

Various sections of the Immigration and Nationality Act indicate that Congress did contemplate some form of appellate review of IJ decisions by the BIA. For example, 8 U.S.C. § 1101(a)(47) provides that an order of deportation is not "final" until either the BIA has passed on it, or the time for seeking BIA review has expired. Further, § 1158(d)(5)(A)(iii) - (iv) provides time limits for filing and resolving administrative appeals, and § 1229a(c)(4) provides for aliens to be informed of their right to appeal removal orders. Otherwise, however, Congress was silent as to the manner and extent of any administrative appeal, leaving that determination to the Attorney General, who, in turn, has delegated this responsibility to the BIA. See Dia v. Ashcroft, 353 F.3d at 235-37 (outlining delegation of administrative responsibilities). Where legislation is silent as to implementation, the Supreme Court has stated that "administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties." Vermont Yankee Nuclear Power Corp. v. Natural Res. Def.

5

Council, Inc., 435 U.S. 519, 543 (1978) (internal quotation marks omitted); see also Dia v. Ashcroft, 353 F.3d at 236-38 (holding streamlining procedures a permissible construction of immigration law pursuant to Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984)).

Thus, because nothing in the immigration laws requires that administrative appeals from IJ decisions be resolved by three-member panels of the BIA through formal opinions that "address the record," the BIA was free to adopt regulations permitting summary affirmance by a single Board member without depriving an alien of due process. As the Third Circuit noted in Dia v. Ashcroft, appellate courts issue summary affirmances of district court opinions that do not detail the underlying record without raising due process concerns. 353 F.3d at 240 n.7 (citing Furman v. United States, 720 F.2d at 264 ("There is no requirement in law that a federal appellate court's decision be accompanied by a written opinion.")).

Our conclusion that streamlining does not violate due process is, in any event, supported by the fact that the challenged procedures are followed by further appellate process, namely, judicial review pursuant to 8 U.S.C. § 1252. Of course, when agency action is subject to judicial review, the law requires that the agency provide reasoned bases for its decision. See SEC v. Chenery Corp., 332 U.S. 194, 196-97 (1947); see also Vargas v. INS, 938 F.2d 358, 360 (2d Cir. 1991) ("[W]e must consider the statement of reasons justifying the decision to determine whether the path which the agency followed can be discerned, and

whether the decision was reached for an impermissible reason or for no reason at all."

(internal quotation marks and brackets omitted)). The terse BIA summary affirmances

authorized by the streamlining regulations do not themselves satisfy this requirement. But

Chenery's mandate pertains to the agency as a whole, not to each level of agency review.

See Albathani v. INS, 318 F.3d at 377. Because the BIA streamlining regulations expressly

provide for the summarily affirmed IJ decision to become the final agency order subject to

judicial review, we are satisfied that the regulations do not compromise the proper exercise

of our § 1252 jurisdiction.[1] As the Eleventh Circuit observed in Mendoza v. U.S. Attorney

General, "meaningful review of the INS's removability determination is not precluded by the

brevity of the BIA's summary affirmance decision because an appellate court will continue

to have the IJ's decision and the record upon which it is based available for review." 327

F.3d at 1289 (internal quotation marks omitted); accord Dia v. Ashcroft, 353 F.3d at 244

(holding that BIA summary affirmances "do not force us to venture 'through the looking

glass' (like Alice in Wonderland), because we have the IJ's reasoning and the record

necessary to exercise our function of review"); Falcon Carriche v. Ashcroft, 350 F.3d at 851

(holding that BIA's failure to issue opinion does not compromise due process where court

of appeals can "review the IJ's decision directly"); Georgis v. Ashcroft, 328 F.3d at 967

("Since we review directly the decision of the IJ when a case comes to us from [a BIA

---

[1]We note that Zhang challenges only his opportunity for "meaningful administrative review" and does not claim that due process or other considerations require us to apply a different standard of review to cases where the BIA has summarily affirmed under the streamlining regulations. Zhang Br. at 51.

summary affirmance pursuant to the streamlining regulations], our ability to conduct a full and fair appraisal of the petitioner's case is not compromised, and the petitioner's due process rights are not violated."). Like the Third Circuit, "[w]e are unaware of any requirement, let alone any constitutional requirement, that an agency adjudicator must commit to writing or otherwise verbalize his or her reasoning, where, as here, the agency has directed us to an opinion for review." Dia v. Ashcroft, 353 F.3d at 240.

We note that even before the streamlining regulations were adopted, it had been the rule in this and other circuits that "summary affirmance by the BIA" is permissible "when the immigration judge's decision below contains sufficient reasoning and evidence" to permit proper judicial review. Arango-Aradondo v. INS, 13 F.3d 610, 613 (2d Cir. 1994); see Denko v. INS, 351 F.3d at 728; Soadjede v. Ashcroft, 324 F.3d at 832 (citing similar holdings by the First, Third, Fourth, Fifth, Seventh, Eighth, Ninth, Eleventh, and D.C. Circuits). In the pre-streamlining summary affirmances, the BIA generally adopted the IJ's findings and rationale; by contrast, streamlining provides for the reviewing BIA member only to uphold the IJ's result. The latter procedure may impose a heavier burden on the courts of appeals, which are consequently "forced to review a decision which may or may not contain the [actual] reasoning of the BIA." Albathani v. INS, 318 F.3d at 377. Specifically, in cases where the IJ has committed some error, the BIA member who decides the administrative appeal may quite correctly determine that the error is harmless, but where no explanation is given for this conclusion, we will not speculate as to the nature of the member's analysis;

8

neither will we "search the record independently for a basis to affirm the BIA," Secaida-Rosales v. INS, 331 F.3d 297, 305 (2d Cir. 2003). Because we may not affirm the BIA on grounds that it did not explicitly adopt, our review will necessarily "be confined to the reasoning of the IJ." Id.; see also Albathani v. INS, 318 F.3d at 378 (quoting Federal Power Comm'n v. Texaco, Inc., 417 U.S. 380, 397 (1974) ("[A]n agency's order must be upheld, if at all, on the same basis articulated in the order by the agency itself.")).[2]

Whether the streamlining regulations will or will not add to our burden, however, is not the issue before us. Our concern is whether streamlining deprives an alien of the process that he is due by law. Under applicable laws and regulations, even after streamlining, an applicant for asylum or withholding of removal remains entitled to a full hearing on his asylum claims, a reasoned opinion from the IJ, the opportunity for BIA review, and the right to seek relief from the courts. This is the process Zhang received. As some circuit courts have observed, such process passes the traditional three-part due process test articulated in Mathews v. Eldridge, 424 U.S. 319, 335 (1976) (providing for consideration of (1) the private interest affected by the official action; (2) the risk of an erroneous deprivation of that

_____

[2]See generally Qiu v. Ashcroft, 329 F.3d 140, 149 (2d Cir. 2003) (noting that "BIA errors of law are not excused by the fact that a hypothetical adjudicator, applying the law correctly, might also have denied the petition for asylum" and that "factual findings supporting such a denial [cannot] be assumed on the basis of record evidence not relied on by the BIA"); El Moraghy v. Ashcroft, 331 F.3d 195, 202 (1st Cir. 2003) (explaining that a court "'should not supplant the agency's findings merely by identifying alternative findings that could be supported by substantial evidence'" (quoting Arkansas v. Oklahoma, 503 U.S. 91, 113 (1992))).

9

interest through the procedures used and the value of additional or substitute procedural safeguards; and (3) the government's interest in employing the established procedures). See Denko v. INS, 351 F.3d at 730 n.10 (evaluating Mathews factors and finding asylum applicant had not shown that streamlining procedures increased risk of erroneous deprivation of her interest); Falcon Carriche v. Ashcroft, 350 F.3d at 851-52 (holding that overall regulatory structure within which streamlining procedures fit mitigates the risk of erroneous deprivation of applicant's substantial interest). We agree that the streamlining regulations, when considered in light of the hearing process that precedes them and the judicial review that follows, do not present the sort of heightened risk of error that would implicate due process.

## III.  Conclusion

In sum, we conclude that Zhang has been afforded each step of the process due by law on his application for asylum and withholding of removal, and we reject his claim that due process additionally requires that his administrative appeal be decided by a full opinion of a three-member BIA panel. Accordingly, Zhang's petition for review is DENIED.