**Memet SPAHI and Fillareti Spahi, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Nos. 02–4501, 02–4502.**

United States Court of Appeals, Second Circuit.

Jan. 14, 2005.

Glenn T. Terk, Wethersfield, CT, for Petitioners.

Kevin M. Laden, (Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Senior Litigation Counsel, Office of Immigration Litigation,) Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent, of counsel.

Present: KEARSE, CABRANES, Circuit Judges and KORMAN,* District Judge.

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for

**Bi Xia JIANG, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, John Ashcroft, U.S. Attorney, Respondents.**

No. 02–4329–AG.

United States Court of Appeals,
Second Circuit.

Jan. 24, 2005.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition is hereby **DENIED.**

Petitioners appeal from an August 23, 2002 order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) final order of removal and denial of petitioners' applications for asylum, withholding of removal, and protection under the Convention Against Torture. Because the BIA adopted the IJ's decision, our review is of the IJ's decision. *See Zhang v. Dept. of Justice,* 362 F.3d 155, 158 (2d Cir.2004).

"When reviewing the denial of an application for asylum, federal courts defer to the immigration court's factual findings as long as they are supported by 'substantial evidence.' Under this standard, we will not disturb a factual finding if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). This standard is highly deferential. *See Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

Based on a thorough review of the record, we see no basis upon which to reverse the IJ's conclusion that petitioners have failed to meet their burden of showing either "past persecution or a well-founded fear of future persecution." *Zhang,* 386 F.3d at 70.

We have considered all of petitioners' claims and found them to be without merit. We hereby **DENY** the petition for review.

the Eastern District of New York, sitting by   designation.