**Min ZHAO, Petitioner,**

v.

**ATTORNEY GENERAL, UNITED STATES, Respondent.**

No. 02–4733.

United States Court of Appeals, Second Circuit.

Feb. 15, 2005.

Yong Wang, New York, New York, for Petitioner.

Susan Handler–Menahem, Assistant United States Attorney, for Christopher J. Christie, United States Attorney for the District of New Jersey, Newark, New Jersey, for Respondent.

Present: RAGGI, WESLEY, Circuit

Judges, and DRONEY, District Judge.[1]

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of the October 15, 2002 order of the Board of Immigration Appeals is hereby GRANTED and the case REMANDED for further administrative review.

Petitioner Min Zhao, a citizen of China, seeks review of the October 15, 2002 order of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture. To the extent Min Zhao challenges the summary affirmance process, see 8 C.F.R. § 1003.1(e)(4), his argument is without merit for the reasons stated in *Yu Sheng Zhang v. United States Department of Justice*, 362 F.3d 155, 156–59 (2d Cir.2004). In such circumstances, we treat the IJ decision as "the final agency order subject to judicial review." *Id.* at 158; *see also Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir. 2003). We assume the parties' familiarity with the facts and the record of proceedings before the IJ, which we reference only as necessary to explain our decision.

To qualify for asylum in the United States, "a refugee must demonstrate past persecution or a well-founded fear of future persecution on account of 'race, religion, nationality, membership in a particular social group, or political opinion.'" *Zhou Yun Zhang v. United States INS*, 386 F.3d 66, 70 (2d Cir.2004) (quoting 8 U.S.C. § 1101(a)(42)). "While consistent, detailed, and credible testimony may be sufficient" to carry this burden, "evidence corroborating" a claim, "or an explanation for its absence, may be required where it would reasonably be expected." *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir.2000); *accord Zhou Yun Zhang v. United States INS*, 386 F.3d at 71. If an applicant fails to establish eligibility for asylum, that necessarily precludes him from satisfying the heavier burden for withholding of removal. *See Zhou Yun Zhang v. United States INS*, 386 F.3d at 71; *Abankwah v. INS*, 185 F.3d 18, 22 (2d Cir.1999).

Min Zhao relied on both his own testimony and various documentary exhibits to support a claim for asylum and withholding of removal premised largely on past spousal persecution, *see Zhou Yun Zhang v. United States INS*, 386 F.3d at 71–72; *In re C–Y–Z–*, 1997 WL 353222, 21 I. & N. Dec. 915, 918 (B.I.A.1997), and his asserted fear of arrest if he were to return to China. Such concerns, if credible, can support relief from removal. *Zhou Yun Zhang v. United States INS*, 386 F.3d at 73. In this case, however, the IJ did not credit petitioner's testimony. He concluded from Min Zhao's demeanor that he largely "offered [ ]rote memorized testimony" that became "confusing and conflicting" whenever an unanticipated question was posed. IJ Decision at 6. "[M]ore importantly," the IJ concluded that petitioner had "testified inconsistently with regard to the [substantive] material claim of his request for a waiver, and that the underlying facts that he had testified inconsistently went to the heart of his claim." *Id.*

Reviewing asylum determinations, we defer to the IJ's factual findings if they are "'supported by "reasonable, substantial, and probative" evidence in the record when considered as a whole.'" *Zhou Yun Zhang v. United States INS*, 386 F.3d at 73 (quoting *Wu Biao Chen v. INS*, 344

1. The Honorable Christopher F. Droney, of the United States District Court for the District of Connecticut, sitting by designation.

F.3d 272, 275 (2d Cir.2003) (per curiam) (quoting *Diallo v. INS,* 232 F.3d at 287)). To reverse an IJ's factual finding, we must conclude "that the evidence not only *supports* [a] conclusion" favorable to the asylum applicant, "but *compels* it." *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (emphasis in original); *accord Zhou Yun Zhang v. United States INS,* 386 F.3d at 73 (and cases cited therein); *see* 8 U.S.C. § 1252(b)(4)(B). As we have noted, such deference is particularly appropriate with respect to factual findings as to credibility. *See Zhou Yun Zhang v. United States INS,* 386 F.3d at 73; *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 146 n. 2 (2d Cir. 2003); *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997). Thus, the scope of our credibility review is "exceedingly narrow." *Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999). "[W]e look to see if the IJ has provided 'specific, cogent' reasons for the adverse credibility finding and whether those reasons bear a 'legitimate nexus' to the finding." *Zhou Yun Zhang v. United States INS,* 386 F.3d at 74 (quoting *Secaida–Rosales v. INS,* 331 F.3d at 307). Such review "is meant to ensure that credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice." *Id.* Absent such concerns, however, if an IJ's credibility finding is "based on specific examples in the record of ' "inconsistent statements" ' by the asylum applicant about matters material to his claim of persecution, or on ' "contradictory evidence" ' or ' "inherently improbable testimony" ' regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Id.* (quoting *Diallo v. INS,* 232 F.3d at 288 (quoting *In re S–M–J–,* 1997 WL 80984, 21 I. & N. Dec. 722, 729 (B.I.A.1997))). We may not ourselves "hypothesize excuses for [identified] inconsistencies, ... contradictions or ... improbabilities." *Id.* Nor may we reverse simply because we disagree with the IJ's credibility evaluation. *See id.; Jin Shui Qiu v. Ashcroft,* 329 F.3d at 149.

Applying these principles to this case, we conclude that only some of the inconsistencies cited by the IJ are sufficiently apparent on the record to permit our review. We can readily discern that petitioner did provide conflicting reports as to his educational background and the year of his wife's forced abortion, the latter certainly a subject integral to his persecution claim. *See Zhou Yun Zhang v. United States INS,* 386 F.3d at 77 (noting asylum applicant's inability to provide consistent testimony as to when "event of major import" took place). But the reason the IJ deemed other statements so inconsistent as to undermine credibility is not plain from the record.

For example, the IJ states that petitioner acknowledged that he was 22 at the time of his marriage, thereby creating a conflict between his testimony that he was too young to register his marriage and the State Department report identifying 22 as the lawful age for marriage in China. *See* IJ Decision at 6. In reaching this conclusion, however, the IJ fails to indicate whether he considered (or credited) petitioner's explanation for this discrepancy, namely, a difference between the local custom of deeming a person one year old at birth and one year older each Chinese New Year thereafter, and the official practice of deeming a person one year old at the first anniversary of birth and one year older each anniversary thereafter. Similarly, in identifying a conflict between petitioner's written asylum application and his hearing testimony about the permissibility of he and his wife's having a second child, the IJ does not indicate what weight, if any, he gave to petitioner's statement that the more liberal policy was followed in "rural" communities—a fact that finds

some support in the State Department China Profile—but was not applicable to him while he was working in "Mow Way." Hearing Tr. at 33. Further hindering our limited review is the fact that the IJ offered no explanation for his conclusion that Min Zhao's testimony was "implausible" in stating that, after his wife was forced to abort her second pregnancy, she was required to be fitted with an IUD rather than sterilized. IJ Decision at 7. Notably, the IJ makes no mention of petitioner's wife's affidavit corroborating this account. *Cf. Zhou Yun Zhang v. United States INS*, 386 F.3d at 78 (noting petitioner's failure to secure affidavit from his wife detailing the forcible sterilization that was the basis for her husband's asylum claim). This omission is particularly curious because, in the affidavit, Min Zhao's wife also provides details as to her abortion and sterilization that the IJ notes were lacking in petitioner's own testimony.

Further complicating our review is the IJ's apparent reliance on a serious error of fact. *See id.* at 74 (noting that reviewing court must ensure that credibility findings are not based upon "a misstatement of the facts in the record"). He states that Min Zhao "provided an abortion certificate" in support of his claim and notes that "such documents are not issued unless the event or the abortion is voluntary." IJ Decision at 8. In fact, as all parties acknowledge, no such abortion certificate is part of the record in this case. Nevertheless, it appears the IJ though that Min Zhao had himself produced a document that belied his claim that his wife's abortion was forced. The factual misunderstanding is sufficiently serious that we cannot confidently assume that the IJ would have reached the same adverse credibility conclusion but for this error.

Nevertheless, because certain inconsistencies relevant to credibility were properly identified, and because we do not ourselves attempt to assess an asylum applicant's credibility, we cannot conclude on the record before us that relief from removal was so plainly compelled as to warrant reversal of the BIA order. Instead, we remand this case to the BIA so that it, in turn, can remand the case to the IJ for further review of the petitioner's credibility in light of this order. *See Alvarado–Carillo v. INS*, 251 F.3d 44, 46–47 (2d Cir.2001) (vacating and remanding administrative decision below because adverse credibility finding was insufficiently supported); *Diallo v. INS*, 232 F.3d at 290 (same).

The petition for review is GRANTED and the case REMANDED to the BIA for further proceedings consistent with this order.