**Dzengis HASANAGO, Petitioner–Appellant,**

v.

**John ASHCROFT, Attorney General, Respondent–Appellee.**

**Docket No. 03–4865.**

United States Court of Appeals, Second Circuit.

June 24, 2005.

Glenn T. Terk, Wethersfield, CT, for the Petitioner–Appellant.

Ruth Morris Force, Assistant United States Attorney (Jim Letten, United States Attorney for the Eastern District of Louisiana, Diane Hollenshead Copes, Assistant United States Attorney, on the brief), New Orleans, Louisiana, for the Respondent–Appellee.

PRESENT: MINER, STRAUB, Circuit Judges, and KEENAN, Judge.[1]

---

1. The Honorable John F. Keenan, United States District Judge for the Southern District

## SUMMARY ORDER

Dzengis Hasanago ("Hasanago"), an ethnic Albanian and native and citizen of Macedonia, requests review of the April 14, 2003, decision of the Board of Immigration Appeals ("BIA") summarily affirming the September 4, 2001, decision of the Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). His application alleges that he was subjected to past persecution and fears future persecution on the basis of his being an ethnic Albanian in Macedonia. We assume the parties' familiarity with the facts, decisions and record below, and issues on appeal.

Where the BIA adopts and summarily affirms a decision of an IJ, we review the decision of the IJ directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review an IJ's findings of fact under the "substantial evidence standard," *see id.* at 307, wherein "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." 8 U.S.C. § 1252(b)(4)(B). However, we review *de novo* the question of law regarding what evidence will suffice to carry an asylum applicant's burden of proof. *See Qiu v. Ashcroft*, 329 F.3d 140, 146 (2d Cir. 2003).

As to past persecution, we find that the harm that Hasanago claimed he and his family members experienced does not rise to the level of persecution. Accordingly, the IJ did not err in finding that Hasanago failed to meet his burden of proving past persecution.

As to a well-founded fear of future persecution, the IJ noted that the country

of New York, sitting by designation.

condition reports did establish the occurrence of violence against ethnic Albanians, but concluded that the mere fact of Hasanago's Albanian ethnicity did not establish that Hasanago had an objectively reasonable fear of future persecution. The IJ further noted the existence of a peace accord and indicated that signs that the conflict between the Macedonian government and ethnic Albanians was abating. We cannot say that a reasonable fact-finder would have been compelled to find that Hasanago's fear of future persecution is objectively reasonable and thus "well-founded." *See Selimi v. Ashcroft,* 360 F.3d 736, 740 (7th Cir.2004) (noting that the human rights reports concerning Macedonia make "clear that the documents paint a picture of political turmoil, civil strife, and many human rights abuses," but noting that "they are abuses directed primarily toward people active in the insurgency, an insurgency in which the Selimis were not involved. There is nothing to support a claim that the Selimis personally are the target of persecution. Their claims for asylum come down to the fact that they are ethnic Albanians and that as such they may suffer some undeniably unpleasant consequences of being part of a minority group in a country which, in 2001, was the site of an insurgency, an insurgency by an ethnic group which constitutes approximately 30 percent of the population."); *see also Alimi v. Ashcroft,* 391 F.3d 888, 891 (7th Cir.2004) (upholding IJ's determination that ethnic Albanian and participant in an organization supporting civil rights for those similarly situated in Macedonia failed to establish objectively reasonable fear of future persecution in light of changed conditions). Accordingly, the IJ did not err in finding that Hasanago failed to establish a well-founded fear necessary for a grant of asylum or the higher "clear probability" standard for withholding of removal.

We also conclude, as to Hasanago's CAT claim, that the IJ did not err in finding that Hasanago failed to establish that he would more likely than not be tortured upon return to Macedonia. Finally, Hasanago's argument that the BIA failed to adequately explain its decision by summarily affirming the IJ's decision is foreclosed by our decision in *Zhang v. DOJ,* 362 F.3d 155 (2d Cir.2004) (per curiam).

For the foregoing reasons, we conclude that the BIA properly dismissed Hasanago's appeal. The petition for review is **DENIED** and the motion for stay of removal pending appeal is **DENIED AS MOOT.**