**Florenc PLAKA, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**Docket No. 03–40847.**

United States Court of Appeals, Second Circuit.

July 20, 2005.

Aleksander Milch (Meer M.M. Rahman, on the brief), Christophe and Associates, P.C. New York, NY, for Petitioner.

David S. Jones, Assistant United States Attorney, Southern District of New York (David N. Kelley, United States Attorney, Ramon E. Reyes, Assistant United States Attorney, Southern District of New York, on the brief) New York, NY, for Respondent.

PRESENT: JACOBS, POOLER, Circuit Judges, and HURD,* District Judge.

### SUMMARY ORDER

Florenc Plaka petitions for review of a November 18, 2003 order of the BIA summarily affirming the August 5, 2002 opinion of the IJ denying Plaka's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") on the grounds that Plaka did not meet his burden of establishing that he had been subject to persecution, that he possessed a well founded fear of future persecution, or that he had established a likelihood of torture upon his return to Albania. We assume the parties' familiarity as to the facts, the procedural context, and the specification of appellate issues.

As to asylum, Plaka bears the burden of demonstrating that he was subject to past persecution or has a well founded fear of future persecution on the basis of his membership in a particular group, or political opinion. 8 U.S.C. § 1101(a)(42); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 70 (2d Cir.2004).

Under the substantial evidence standard, this Court must affirm an administrative decision "unless we conclude that a reasonable adjudicator would be compelled to conclude to the contrary." *Zhou Yun*

---

* The Honorable David N. Hurd, United States District Judge for the Northern District of New York, sitting by designation.

*Zhang,* 386 F.3d at 73. The BIA's decision must be affirmed unless the evidence "presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). For reversal, the evidence in the record must "not only *support* [ ] th[e] conclusion [that the applicant is eligible for asylum], but *compel* [ ] it." *Id.* at 481 n. 1 (emphasis in original). As the BIA summarily affirmed the IJ, we review the decision of the IJ as if it were that of the BIA. *Yu Sheng Zhang v. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004) *(per curiam ).*

The record indicates that Plaka's family, at various times in the last century, has indeed been subject to conduct that may rise to the level of persecution. However, Plaka himself alleges only that he was ostracized at parties and insufficiently honored in school, things that do not rise to the level of persecution. *See Fatin v. INS,* 12 F.3d 1233, 1240 & n. 10 (2d Cir. 1993). Plaka also testified that his father had been threatened by members of the Socialist Party, and that they told his father that they would harm Plaka and his brother. This testimony is hearsay upon hearsay, and though sympathetic, does not compel a finding of persecution. Plaka never suffered any physical violence, *see Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004), or extreme economic punishment, *see Fatin,* 12 F.3d at 1240 & n. 10.

Plaka thus fails to establish past persecution, and therefore does not enjoy a presumption of future persecution. 8 C.F.R. § 1208.13(b)(1). The record belies any objective fear of future persecution, as Plaka's brother, who has remained in Albania, has not suffered persecution. The IJ's conclusion that Plaka had not established a well-founded fear of future persecution is thus supported by the record.

For these same reasons, Plaka has failed to show that he would likely face torture if returned to Albania, and his CAT claim similarly fails.

As Plaka's asylum claim fails, so must his withholding of removal claim. *See Zhou Yun Zhang,* 386 F.3d at 71 ("Because the two forms of relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding."); *Wu Biao Chen v. INS,* 344 F.3d 272, 276 (2d Cir.2003).

We have considered all of Plaka's claims and find them to be without merit. For the reasons set forth above, Plaka's petition for review is hereby **DENIED**.