**Gen CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**Docket No. 03–4507.**

United States Court of Appeals, Second Circuit.

July 21, 2005.

(On submission: Gary J. Yerman, New York, NY.), for Petitioner.

(On submission: Alice H. Martin, Assistant United States Attorney, Jenny L. Smith, United States Attorney, Northern District of Alabama, Birmingham, AL.), for Respondent.

Present: JACOBS, POOLER, Circuit Judges, and HURD,* District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review be **DENIED**.

Gen Chen petitions for review of a February 25, 2003 order of the Board of Immigration Appeals ("BIA") summarily affirming the decision of the Immigration Judge ("IJ"). The IJ denied Chen's application for asylum and withholding of removal

pursuant to the Immigration and Nationality Act of 1952, 8 U.S.C. §§ 1158, 1231(b)(3) and ordered his removal from the United States to China. We assume the parties' familiarity with the facts, the procedural context, and the specification of appellate issues.

Chen argues that the IJ erred in concluding that he was not credible. We review the IJ's credibility finding under the substantial evidence standard. *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003) (*per curiam*). This Court "must uphold an administrative finding of fact unless we conclude that a reasonable adjudicator would be compelled to conclude to the contrary." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). The BIA's decision must be affirmed unless the evidence "presented was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). For reversal, the evidence in the record must "not only *support*[ ] th[e] conclusion [that the applicant is eligible for asylum], but *compel*[ ] it." *Id.* at 481 n. 1, 112 S.Ct. 812 (emphasis in original). As the BIA summarily affirmed the IJ, we review the decision of the IJ as if it were that of the BIA. *Yu Sheng Zhang v. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004) (*per curiam*).

■ The IJ's adverse credibility finding was supported by substantial evidence, specifically by inconsistencies in (1) Chen's account of the date of his marriage and age of his wife, (2) Chen's testimony and statements in his asylum application concerning the fines imposed on him for family planning violations and as to the circumstances surrounding his wife's forcible abortion, (3) dubious documents purporting to be household registration state-

---

* The Honorable David N. Hurd, United States District Judge for the Northern District of New York, sitting by designation.

ments for himself and his wife, and (4) the story told by Chen as compared to country reports.

As Chen's asylum claim fails, so must his withholding of removal claim. *See Zhou Yun Zhang*, 386 F.3d at 71 ("Because the two forms of relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding."); *Wu Biao Chen*, 344 F.3d at 276.

We have considered all of Chen's claims and find them to be without merit. For the reasons set forth above, Chen's petition for review is hereby **DENIED.**