**Oktay ORUJOV, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**Docket No. 03–4380–AG.**

United States Court of Appeals, Second Circuit.

July 27, 2005.

Tao Lin, Caesar & Napoli, New York, New York, for Petitioner (on submission).

Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana (Carol A. Davilo, Assistant United States Attorney, on the brief), Hammond, Indiana, for Respondent (on submission).

Present: WESLEY, HALL, Circuit Judges, and TRAGER, District Judge.[1]

1. The Honorable David G. Trager of the United States District Court for the Eastern District of New York sitting by designation.

## SUMMARY ORDER

Oktay Orujov petitions for review of a Board of Immigration Appeals ("BIA") order dated January 31, 2003, affirming, without opinion, an Immigration Judge's ("IJ's") order denying his applications for asylum, withholding of removal, and relief under the Convention on Torture ("CAT"). We assume familiarity by the parties as to the facts, the procedural context, and the specification of issues.

We review the IJ's decision directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). An applicant is eligible for asylum only if he first establishes that "he is 'unable or unwilling' to return to his native country because of 'persecution or a well-founded fear of persecution on account'" of specified grounds. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004) (quoting 8 U.S.C. § 1101(a)(42)). An applicant who fails to establish eligibility for asylum is necessarily precluded from satisfying the heavier burden for withholding of removal. *See Zhang v. INS*, 386 F.3d 66, 71 (2d Cir.2004). "To qualify under the CAT, an alien must establish that 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Islami v. Gonzales*,—F.3d—, 412 F.3d 391, 2005 WL 1475399, at *2 (2d Cir. June 23, 2005) (quoting *Ramsameachire*, 357 F.3d at 184).

In reviewing the factual findings underlying the IJ's determinations, we apply a substantial evidence standard. *Ramsameachire*, 357 F.3d at 177. Under that standard, we reverse "only if 'no reasonable fact-finder could have failed to find' that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Id.* (quoting *Diallo v.*

*INS,* 232 F.3d 279, 287 (2d Cir.2000)); *see also INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). "[C]redibility determinations are entitled to the same deference on review as other factual determinations," but an IJ "must give 'specific, cogent' reasons for rejecting [a] petitioner's testimony...." *Ramsameachire,* 357 F.3d at 177–78 (quoting *Secaida–Rosales,* 331 F.3d at 307).

Based on our review of the record, we conclude that substantial evidence supported the IJ's denial of petitioner's asylum, withholding of removal, and CAT claims. The IJ identified inconsistencies in petitioner's testimony and inconsistencies between the petitioner's testimony and that of his witness. "[I]t is not our task to see if ... inconsistent statements can somehow be reconciled ... [or to] weigh the inconsistencies for ourselves to see if we would reach the same credibility conclusions as the IJ, who actually observed [the petitioner] testify, or the BIA." *Zhang,* 386 F.3d at 77. Rather, "[w]e consider only whether, on the evidence adduced, a reasonable adjudicator would be compelled to conclude, contrary to the IJ and BIA, that [the petitioner] provided a credible account of persecution." *Id.* On this record, a reasonable fact-finder could have determined that petitioner did not provide a credible account and that, therefore, he was not entitled to asylum or withholding of removal. Moreover, because petitioner "did not ... show[ ] that he was likely to be tortured were he to be returned to [Azerbaijan], the IJ's denial of CAT relief was amply supported by substantial evidence." *Islami v. Gonzales,* 412 F.3d 391, 2005 WL 1475399, at *4.

We find no merit in petitioner's challenge to the BIA's affirmance of the IJ's opinion without separate opinion. *See* 8 C.F.R. § 3.1(e)(4) (2003) (recodified at 8 C.F.R. § 1003.1(e)(4) (2005)); *Zhang v.*

*U.S. Dep't of Justice,* 362 F.3d 155, 156–60 (2d Cir.2004) (per curiam).

For the reasons set forth above, the petition for review is hereby DENIED.