**Qiang Wu LIN, Petitioner,**

v.

**US DEPT. OF JUSTICE, Attorney
General Gonzales,\*
Respondent.**

**Docket No. 03–40367.**

United States Court of Appeals,
Second Circuit.

Aug. 31, 2005.

Norman Kwai Wing Wong, New York,
NY, for Petitioner.

Kathleen Meriwether, Assistant United
States Attorney (Patrick L. Meehan, Unit-
ed States Attorney for the Eastern Dis-
trict of Pennsylvania, and Virginia A. Gib-
son, Assistant United States Attorney, on
the brief), Philadelphia, PA, for Respon-
dent.

Present: WALKER, Chief Judge,
JACOBS, and HALL, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED
AND DECREED** that the order of the
Board of Immigration Appeals is **AF-
FIRMED** and the petition is **DENIED.**

Petitioner Qiang Wu Lin seeks review of
a July 31, 2003 order of the Board of
Immigration Appeals ("BIA") affirming
without opinion a July 26, 2001 decision by
an immigration judge ("IJ") that denied
Lin's applications for asylum, withholding
of removal, and relief under the United
Nations Convention Against Torture and
Other Cruel, Inhuman or Degrading
Treatment or Punishment ("CAT").
Where the BIA has affirmed without opin-
ion, we review the IJ opinion directly. *See
Secaida–Rosales v. INS,* 331 F.3d 297, 305
(2d Cir.2003). Under the permanent pro-

---

\* Attorney General Alberto R. Gonzales is, pur-
suant to Fed. R.App. P. 43(c)(2), automatically
substituted for former Attorney General John
Ashcroft as respondent.

visions of IIRIRA,[1] which govern our review of Lin's deportation proceedings, we defer to an IJ's factual findings provided they are supported by "substantial evidence" in the record. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Zhang v. INS,* 386 F.3d 66, 73 n. 7 (2d Cir.2004). Challenges to an IJ's factual findings as to refugee status merit reversal only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden. *See Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). On appeal, Lin raises a number of claims, none of which has merit.

Specifically, Lin claims that the IJ's adverse credibility determination was not supported by substantial evidence. Upon review of the record, we find that substantial evidence supported the IJ's credibility determination, to which we give "particular deference." *Id.* (internal quotation marks omitted). The IJ identified several inconsistencies in Lin's testimony and his asylum application. The IJ's decision noted (1) that Lin gave conflicting dates for several important events in his story, including when he met his girlfriend, when they began living together, and when they were married; (2) that Lin also changed his story as to what exactly occurred when he and his girlfriend applied for a marriage certificate; and (3) that Lin's asylum application failed to mention that he had married his girlfriend, whom he referred to in his application solely as his girlfriend. Furthermore, although Lin testified that he had engaged in public protests against the family-planning policy after his girlfriend was forcibly sterilized, he failed to mention such activities in his asylum application. Finally, the IJ found that Lin's demeanor was "vague and evasive" and that he failed to answer specific questions. Based on this record, we find that the IJ's adverse credibility determination was amply supported by substantial evidence.

We recognize that the IJ based his decision in part on the assumption that forcible sterilization of a girlfriend is not grounds for asylum. In a recent decision, this court remanded this very question to the BIA for further clarification, finding that (1) the BIA's decision in *In re C–Y–Z–,* 21 I. & N. Dec. 915, 1997 WL 353222 (BIA 1997) (en banc), which established spousal eligibility for asylum based on forced sterilization of a spouse, had not adequately explained its rationale; and (2) therefore, the court could not determine whether boyfriend or fiance eligibility might be established under the same logic. *See Shi Liang Lin v. DOJ,* 416 F.3d 184, 192 (2d Cir.2005). Whether or not boyfriends of women subjected to forcible sterilization are eligible for asylum thus remains an open question in this circuit. Nevertheless, the IJ's decision was also based on an express finding that Lin had failed to present credible testimony in support of his application. Because we find that the IJ's adverse credibility determination provides an independent ground on which to deny asylum, *see, e.g., Qiu v. Ashcroft,* 329 F.3d 140, 152–53 (2d Cir.2003), the potential availability of boyfriend eligibility is not determinative in this case.

Because Lin failed to sustain an asylum claim, he necessarily failed to meet his greater burden of proof on his withholding-of-removal claim. *Chen,* 344 F.3d at 276. He also cannot show that it is more likely than not that he will be subject to

---

1. The permanent provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009, govern petitions for review where deportation proceedings commenced after April 1, 1997. *See* 8 U.S.C. § 1252(a).

**214**

torture upon his return, and thus cannot properly claim relief under CAT. *See Wang v. Ashcroft,* 320 F.3d 130, 134 (2d Cir.2003).

Lin also claims that the IJ and BIA erred in not considering or referring to State Department reports on country conditions in China. This argument is without merit. Even if the IJ had consulted a State Department report, and even if that report had discussed forcible-sterilization practices in China, the existence of which the government does not dispute, the IJ's finding that Lin was not credible would not be affected. Finally, Lin claims that the BIA erred in summarily affirming the IJ's decision. We have previously upheld the BIA's regulations permitting summary affirmances. *See Zhang v. DOJ,* 362 F.3d 155, 157–58 (2d Cir.2004). Because the IJ's decision is sufficient to permit review and because we have no reason to suspect that the BIA did not fulfill its duty to independently review Lin's case, we find his argument meritless. *See, e.g., Secaida–Rosales,* 331 F.3d at 305.

We have carefully considered all of Lin's remaining contentions and find them to be without merit. Therefore, the decision of the Board of Immigration Appeals is hereby **AFFIRMED** and the petition is **DENIED.**