**Kebuteh CEESAY, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

**Docket No. 03–40295–AG.**

United States Court of Appeals,
Second Circuit.

Oct. 17, 2005.

Ronald Salomon, New York, New York, for Petitioner.

James Vines, United States Attorney, Nashville, Tennessee; S. Delk Kennedy, Assistant United States Attorney, Nashville, Tennessee, for Respondent.

Present: WINTER, CALABRESI, and POOLER, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition be GRANTED and the case REMANDED to

the Board of Immigration Appeals ("BIA") for further proceedings.

Petitioner Kebuteh Cessay ("Petitioner"), a citizen of Gambia, petitions for review of a decision by the BIA, affirming an Immigration Judge's ("IJ") denial of Petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. Petitioner appeals only the decision regarding political asylum and withholding of removal. We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below. The BIA did not accord plenary review to the IJ's decision. Because this expedited procedure was used, we review the IJ's decision. *Zhang v. United States DOJ.*, 362 F.3d 155, 159 (2d Cir.2004) *("Zhang-DOJ")*.

This Court reviews an IJ's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). The IJ's " 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.' " *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)). The Supreme Court has stated that evidence that would compel a contrary conclusion indicates a lack of substantial evidence in support of an IJ's findings. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38. In order to merit substantial evidence deference, "[t]he [IJ] must give specific, cogent reasons for rejecting the petitioner's testimony ..." *Ramsameachire*, 357 F.3d at 178; *see also Secaida–Rosales*, 331 F.3d at 307. Further, the IJ must consider all the evidence in the record that has probative value. *See Qiu*, 329 F.3d at 149 (holding that each portion of the evidence tending to support an aspect of a claim must be considered unless it is "too insignificant to merit discussion"). The IJ can dismiss an applicant's testimony as too vague to satisfy his burden only if it does not "identify facts corresponding to each of the elements of one of the refugee categories of the immigration statutes." *Id.* at 151 (internal quotation marks omitted). Where the applicant has furnished credible corroborating evidence to confirm his testimony, the IJ may not reject his testimony because he did not furnish additional evidence. *Secaida–Rosales*, 331 F.3d at 311–12.

In this case, considering the record as a whole, the finding is not supported by "reasonable, substantial, and probative" evidence to meet the substantial evidence standard. *See Secaida–Rosales*, 331 F.3d at 307. Petitioner argued that he would face persecution upon his return to Gambia because of his political beliefs and activities. Where a factual determination rests on a credibility finding, the court "afford[s] particular deference in applying the substantial evidence standard." *Zhang–INS*, 386 F.3d at 73 (internal quotation marks omitted). Here, the IJ did not make an adverse credibility determination, but instead misstated the record to reach his conclusion. The IJ explained that political asylum was not warranted for four reasons, none of which can be sustained.

First, the IJ explained, Petitioner's "family still lives in The Gambia and do not have any problems with the current government ..." The record shows, however, that the reason these relatives do not have problems is because they are not political. The only political relatives—Petitioner's two brothers—were both arrested and currently live in exile. It is true that all of his family members were members of the PPP. However, his mother is

not involved in politics, and neither is his sister. This is not sound reasoning; in order to merit substantial evidence deference, "[t]he [IJ] must give specific, cogent reasons for rejecting the petitioner's testimony." *Ramsameachire*, 357 F.3d at 178, and the IJ must consider all the evidence in the record that has probative value. *See Qiu*, 329 F.3d at 149. The reasoning here was not specific or cogent, and the IJ clearly did not consider all of the evidence in the record.

Second, the IJ found that Petitioner was "out of Gambia for 15 years, and has not shown why the government would have any interest in him at this time." Petitioner explicitly argues that the government will likely cause him trouble on his return as a result of his former political activity, current political activity, and the fact that he has been educated in the U.S., which he says will make him the target of government oppression. The IJ did not find Petitioner's testimony not credible. Instead, he reasoned that no showing of a fear of future persecution had been made, without explaining why he ignored Petitioner's arguments. This method contravenes our rule that the IJ must consider all the evidence in the record that has probative value. *See Qiu*, 329 F.3d at 149 (holding that each portion of the evidence tending to support an aspect of a claim must be considered unless it is "too insignificant to merit discussion").

Third, the IJ explained that the Department of State "did not believe that mere membership in opposition political parties in support of their candidates in the presidential or legislative elections would expose a Gambian to potential danger of mistreatment upon returning to The Gambia." This selective reading of the two documents relied upon by the IJ: the March 1997, "Profile of Asylum Claims and Country Conditions" and the "State Department Country Report on Human Rights Practices, 2000," verges on misstatement. In fact, both reports document and explain the severe human rights situation in Gambia, and the persecution that can result from political beliefs and practices. The IJ must consider all the evidence in the record that has probative value. *See Qiu*, 329 F.3d at 149 (holding that each portion of the evidence tending to support an aspect of a claim must be considered unless it is "too insignificant to merit discussion"). Here, the IJ clearly did not meet this requirement.

Finally, the IJ concluded, "Although the respondent has presented some background material, his background material is less timely than the two reports which the Court has cited to. Therefore, the Court cannot find, based on some difficulties that prominent members of the PPP may have had with the government in the past, it would lead the respondent to have a well-founded fear that he would have any problems if he returned to Gambia at this time." This is simply incorrect. The appendix includes articles ranging from 1994 to 2000. The earlier articles are included because they give more detailed analysis of the 1994 coup. Considering that one out of two documents relied on by the IJ was from March 1997, this timeliness argument holds little weight.

Petitioner originally sought relief under the Convention Against Torture, but he did not appeal this part of the BIA's decision, and so that part of the decision remains undisturbed. For the foregoing reasons, the petition seeking review of the BIA decision on political asylum and withholding of removal is granted and remanded for further proceedings.