**Mohamed Nazly SHERIFF, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–2061–ag.

United States Court of Appeals,
Second Circuit.

Dec. 28, 2006.

Visuvanathan Rudrakumaran, New York, NY, for Petitioner.

Mary Beth Buchanan, United States Attorney, Robert L. Eberhardt, Assistant United States Attorney, Pittsburgh, PA, for Respondent.

PRESENT: Hon. WALKER, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Mohamed Nazly Sheriff, a native and citizen of Sri Lanka, seeks review of a March 29, 2006 order of the BIA affirming the December 27, 2004 decision of Immigration Judge ("IJ") Gabriel C. Videla denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohamed Nazly Sheriff,* No. A97 966 357 (B.I.A. March 29, 2006), *aff'g* No. A97 966 357 (Immig. Ct. N.Y. City Dec. 27, 2004).

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See, e.g., Zhou*

*Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Here, substantial evidence supports the IJ's adverse credibility determination. Sheriff's testimony was inconsistent as to the dates of his arrest and his release from custody. He initially stated that he was arrested on July 21, 2002 and was released on July 5, 2002, before the date of his arrestt—only upon further questioning did he state that he was arrested on June 21, 2002. Sheriff explained this discrepancy in his testimony by stating, "Sometime[s] I confuse with June and July." Sheriff's testimony was also inconsistent as to when the army had last gone to his house; he seemed to have trouble remembering whether the army had last visited his house in June 2002, June 2003, November 2002, November 2003, or May 2003. This time, Sheriff explained, "This all happened two … years ago. So I can't remember all the dates." While Sheriff's explanations may have been plausible, a reasonable fact-finder would not be compelled to credit his testimony on these points. *See Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005). The IJ, therefore, properly relied on these discrepancies within Sheriff's testimony.

The IJ also correctly noted that Sheriff failed to mention in his asylum application that the army had visited his house in search of him as late as May 2003. Here, Sheriff's asylum application provided numerous details regarding this account of persecution, and in February 2004, the IJ specifically directed counsel for Sheriff to verify that the assertions in the asylum application were "complete." The IJ properly relied on the material inconsistency between Sheriff's testimony that the army had visited him in May 2003 and his asylum application, which failed to mention

the incident. *See Zhou Yun Zhang*, 386 F.3d at 74. Because of the substantiated adverse credibility determination, it is not necessary for this Court to address the IJ's alternative burden of proof finding.

Furthermore, because the only evidence of a threat to Sheriff's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003). Finally, because substantial evidence supports the IJ's determination that Sheriff failed to testify credibly, the IJ properly determined that Sheriff had not provided sufficient evidence to establish that he was "likely . . . to be arrested in the first place and/or . . . subject to being mistreated." Thus, the IJ's denial of Sheriff's CAT claim was proper.

Accordingly, Sheriff's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).