**ZHONG XING JIANG, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 06–1385–ag.

United States Court of Appeals, Second Circuit.

Jan. 30, 2007.

Liu Yu, New York, New York, for Petitioner.

Bud Cummins, United States Attorney, Eastern District of Arkansas, A. Doug Chavis, Assistant United States Attorney, Little Rock, Arkansas, for Respondent.

PRESENT: Hon. WALKER, Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhong Xing Jiang, a native and citizen of the People's Republic of China, seeks review of a March 7, 2006 order of the BIA affirming the September 24, 2004 decision of Immigration Judge ("IJ") Alan A. Page denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhong Xing Jiang*, No. A 97 660 261 (B.I.A. March 7, 2006), *aff'g* No. A 97 660 261 (Immig. Ct. N.Y. City Sept. 24, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). In particular, we owe great deference to the IJ's observation of the applicant's demeanor. *See Zhou Yun Zhang*, 386 F.3d at 73. While we will vacate and remand for new findings if the IJ's reasoning or his fact-finding process was sufficiently flawed, and if we cannot confidently assert that the IJ would reach the same result on remand, *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005), substantial evidence supports the IJ's adverse credibility finding in this case.

Not only did IJ Page conclude that "I honestly got the impression, after listening to the respondent testify over a lengthy period of time, that he basically was making up the story," but Jiang's testimony was inconsistent or incoherent as to: (1) the date of his arrest; (2) the type of problem that Jiang's neighbors thought he had; (3) whether he had been served with a police summons before leaving China; and (4) where his parents were staying after they had gone into hiding. Furthermore, the IJ was reasonable in choosing not to credit Jiang's explanation regarding the date of issuance of his notarial certificate.

Additionally, the IJ reasonably relied on Jiang's failure to submit a statement from his uncle or his parents to buttress his adverse credibility determination. An applicant's failure to corroborate his testimony may bear on credibility because the absence of corroboration makes rehabilitation of an applicant's already controverted testimony more difficult or impossible. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 164 (2d Cir.2006). While an IJ may not base an adverse credibility finding on the absence of corroborating evidence that was not reasonably available to the applicant, *see Li Zu Guan v. INS*, 453 F.3d 129, 141 (2d Cir.2006), corroborating statements from Jiang's uncle and his parents were reasonably available to the applicant; indeed, Jiang testified that he had contact with his parents and his uncle by telephone, and at one point even stated that he "often called [his] ... uncle." Moreover, the IJ was not unreasonable in refusing to credit Jiang's explanation—that his parents were illiterate—for the absence of corroborating evidence. It was not unreasonable for the IJ to assume that Jiang's parents could have "found someone ... to assist them in preparing a statement."

Because the only evidence of a threat to the petitioner's life or freedom depended upon the petitioner's credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 276 (2d Cir. 2003). Furthermore, because Jiang's CAT claim was not raised before either the BIA or this Court, this claim is unexhausted and cannot be considered. *See* 8 U.S.C. § 1252(d)(1); *see generally Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

Accordingly, Jiang's petition for review is DENIED as to his asylum and withholding of removal claims, and his CAT claim is DISMISSED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).