**Juan QUINTANILLA, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**Docket No. 03–41112.**

United States Court of Appeals,
Second Circuit.

Oct. 6, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

**54**

George A. Terezakis, Mineola, New York., for Petitioner.

Thomas P. Hogan, Jr., Assistant United States Attorney (Patrick Meehan, United States Attorney, Virginia A. Gibson, J. Alvin Stout, III, Assistant United States Attorneys, on the brief), Philadelphia, Pennsylvania, for Respondent.

Present: SOTOMAYOR, WESLEY, Circuit Judges, and BRIEANT, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review of the order of the Board of Immigration Appeals ("BIA") is DISMISSED.

Juan Quintanilla petitions for review of a November 13, 2003 decision by the BIA, affirming an Immigration Judge's ("IJ") denial of his application for a waiver under § 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h)(1)(B), which would have permitted him to adjust his status to that of a lawful permanent resident. We assume the parties' familiarity with the facts and the procedural history of the case.

Section 1252(a)(2)(B)(i) of Title 8 of the United States Code appears to bar judicial review of the IJ's decision. *See* § 1252(a)(2)(B)(i) ("except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review [ ] (i) any judgment regarding the granting of relief under section 212(h).").

■ There is an unresolved question as to whether § 1252(a)(2)(B)'s jurisdictional

---

* The Honorable Charles L. Brieant, United States District Judge for the Southern District of New York, sitting by designation.

bar applies to Quintanilla's petition because it raises a constitutional challenge; namely, that his right to a fair and impartial hearing, guaranteed under the Due Process Clause of the Fifth Amendment, was violated both by the IJ's failure to issue a subpoena for the testimony of his ex-wife and to order a continuance so that her testimony could be arranged.

Section 1252(a)(2)(D) of Title 8 also provides that "[n]othing in subparagraph (B) or (C), or in any other provision of this Act ... which limits or eliminates judicial review [ ] shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review." This Court has yet to rule on the question of whether an exception to § 1252(a)(2)(B)'s jurisdictional bar applies to review of constitutional questions. We need not decide that question today. Assuming *arguendo* that such an exception exists, we would deny the petition in this case because Quintanilla was not deprived of due process of law.

The Fifth Amendment affords an alien the right to due process of law in a deportation proceeding. *Reno v. Flores,* 507 U.S. 292, 305–07, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993). Even assuming Quintanilla had a constitutionally protected interest in the adjudication of his application for a § 212(h) waiver (a position the government disputes), we find his claim to be without merit because he received a full and fair review of his application by the IJ and by the BIA on appeal.

The IJ was within his discretion to deny the subpoena. *See* 8 U.S.C. § 1229a(b)(1) ("The immigration judge *may* issue subpoenas for the attendance of witnesses and presentation of evidence.") (emphasis added). Quintanilla did not show that he had made a "diligent effort, without success" to produce his ex-wife's testimony. *See* 8 C.F.R. § 287.4(a)(2)(ii)(B) (2002). The IJ granted multiple continuances to allow Quintanilla to prepare his case. Despite this, by his own admission, Quintanilla did not ask his ex-wife to testify on March 11, 2002, the date for which the hearing was scheduled and on which Quintanilla himself failed to appear. Only after the IJ granted a motion to re-open and his ex-wife failed to appear at the rescheduled hearing did Quintanilla request a subpoena.

Nor was the testimony sought "essential," *see* 8 C.F.R. § 287.4(a)(2)(ii)(C) (2002). Quintanilla testified to the substance of matters his ex-wife's testimony would have covered. The IJ made clear that he would have found the petitioner ineligible for § 212(h) relief even assuming that testimony was credible. The IJ's decision was therefore proper under the relevant statute and regulations and did not deprive Quintanilla of a full and fair hearing. For the same reasons, the IJ did not render the hearing unfair by not granting Quintanilla a ninth continuance.

Quintanilla also argues that the IJ applied an incorrect standard in adjudicating the waiver application when he stated that "[t]he Court does not believe that either daughter will be left destitute or homeless if the child could not receive support from the respondent." This appears to be a challenge to the merits of the IJ's decision, and therefore a non-constitutional challenge clearly rendered nonreviewable by 8 U.S.C. § 1252(a)(2)(B)(i). Even if this claim were justiciable, however, in context it appears that the Court was merely making an illustrative comment, not requiring destitution or homelessness before finding extreme hardship.

■ Quintanilla also argues that the BIA violated his right to due process when it failed to assign his appeal to a three-judge panel. The BIA's decision was proper under the regulation governing assignment of cases to three-judge panels because, for the reasons discussed above, the IJ's decision and conduct of the hear-

**56**

ing were "in conformity with the law." 8 C.F.R. § 1003.1(e)(6). Under such circumstances, assignment to a single member of the BIA no more violates due process than do summary affirmances without opinion, which we upheld in *Yu Sheng Zhang v. U.S. Dept. of Justice,* 362 F.3d 155, 157 (2d Cir.2004) ("the BIA was free to adopt regulations permitting summary affirmance by a single Board member without depriving an alien of due process").

We have considered Quintanilla's remaining arguments and find them to be without merit.

For the foregoing reasons, the petition for review is DISMISSED.