**Franz St. Michael OSBOURNE,
Petitioner,**

v.

**Alberto GONZALES, Attorney General
of the United States, Respondent.**

No. 05–3241.

United States Court of Appeals,
Second Circuit.

May 5, 2006.

Mark T. Kenmore, Buffalo, NY, for Petitioner.

Kathleen M. Mehltretter, Acting United States Attorney (James P. Kennedy, Assistant United States Attorney,), Buffalo, NY, for Respondent, of counsel.

PRESENT: Hon. JOSEPH J. McLAUGHLIN, Hon. ROBERT D. SACK, Circuit Judges, and Hon. GERARD E. LYNCH,* Judge.

### SUMMARY ORDER

Franz St. Michael Osbourne petitions for review of a December 11, 2002, BIA order affirming the December 11, 2000, oral decision of an IJ, finding, *inter alia,* that Osbourne had not "resided in the United States continuously for 7 years after having been admitted in any status" and was therefore ineligible for cancellation of removal under INA § 240A, 8 U.S.C. § 1229b.

Osbourne argues that he should have been able to tack on his time from 1989 to 1991 as an "alien crewman" to reach a total of seven years continuous residence. As the BIA noted, however, INA § 101(a)(13)(B) specifically directs that "an alien ... permitted to land temporarily as an alien crewman, shall not be considered to have been admitted." Osbourne's residence after having landed as an alien crewman cannot therefore qualify as a period of residence "after having been *admitted in any status*" for purposes of relief under section 240A. (emphasis added). *See also* INA § 240A(c) (providing that "[t]he provisions of subsections (a) and (b)(1) [providing for cancellation of removal] shall not apply to ... an alien who entered the United States as a crewman subsequent to June 30, 1964.").

Osbourne also argues that the "clock stopping" provisions of the Illegal Immi-

---

* The Honorable Gerard E. Lynch, of the United States District Court for the Southern District

of New York, sitting by designation.

gration Reform and Immigrant Responsibility Act of 1996, *see* INA § 240A(d)(1), 8 U.S.C. § 1229b(d)(1), were given an impermissible retroactive application in his case. Even if it were impermissible to apply the clock stopping provisions retroactively in some cases, *compare Henry v. Ashcroft,* 175 F.Supp.2d 688 (S.D.N.Y.2001) *with Arenas–Yepes v. Gonzales,* 421 F.3d 111, 117 (2d Cir.2005), there was no retroactive application in Osbourne's case because he pleaded guilty on April 30, 1997, after the Act had gone into effect.

Osbourne also challenges the BIA's resolution of his case by a one-person summary order. Assuming that we have jurisdiction to review such a claim, we cannot conclude that the streamlined procedures were inappropriate in Osbourne's case. *See Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 156–59 (2d Cir.2004).

For the foregoing reasons, the petition for review is hereby DENIED.