**XIU YING CHEN, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Department of Homeland Security, Respondents.**

No. 05–3076–AG.

United States Court of Appeals, Second Circuit.

May 10, 2006.

K. Steven Zimmerman, New York, New York, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Sheila M. Gowan, Sara L. Shudofsky, Assistant United States Attorneys, New York, New York, for Respondent.

PRESENT: RALPH K. WINTER, GUIDO CALABRESI, and PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Xiu Ying Chen, though counsel, petitions for review of the June 2005 BIA decision affirming Immigration Judge ("IJ") Noel Brennan's decision denying Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Although Chen filed only one petition for review, challenging the BIA's June 2005 decision, her brief is devoted entirely to challenging the BIA's November 2005 decision, denying her motion to reopen, for which she did not file a petition for review. Because each BIA decision constitutes a separate final order, requiring a separate petition for review, and Chen's petition was timely only as to the June 2005 decision, only that decision is under review. *See Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).

Because Chen failed to raise her claim of past persecution due to her father's financial problems in China and her CAT claim in her brief to this Court, which challenges only the November 2005 decision, these arguments are deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998). We will consider her arguments relating to her fear of persecution on account of her United States-born children, however, because of the similarity of the issues involved in Chen's appeal and her motion.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d

155, 158 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard, reversing them only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Here, the IJ reasonably denied Chen's claim as speculative. She was not in violation of the policy at the time of the hearing. The background evidence suggested that a person in her particular situation would not reasonably fear forced sterilization. And she failed to point to any solid countervailing evidence. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). Therefore, substantial evidence supports the denial of asylum and withholding.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).