**Tonin JAKAJ, Mrika Filipo Jakaj, Rikardo Jakaj, Fabjan Jakaj, Petitioners,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–3711–ag.

United States Court of Appeals, Second Circuit.

Aug. 16, 2006.

Michael P. DiRaimondo, Marialaina L. Masi, Mary Elizabeth Delli–Pizzi, Stacy Huber, DiRaimondo & Masi, LLP, Melville, NY, for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, Charles E. Roberts, Assistant United States Attorney, Syracuse, NY, for Petitioner.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioners Tonin Jakaj, Mrika Filip Jakaj, Rikardo Jakaj, and Fabjan Jakaj, natives and citizens of Albania, seek review of a June 8, 2005 order of the BIA denying their motion to reopen their removal proceedings. *In re Jakaj,* Nos. A70 578 930, A73 673 757, A73 595 704, A73 595 702 (B.I.A. June 8, 2005). Previously, the BIA had affirmed the November 25, 2003 decision of Immigration Judge ("IJ") Margaret McManus denying Tonin Jakaj's applications for asylum and withholding of removal. *In re Jakaj,* Nos. A70 578 930, A73 673 757, A73 595 704, A73 595 702 (B.I.A. Feb. 28, 2005), *aff'g* Nos. A70 578 930, A73 673 757, A73 595 704, A73 595 702 (Immig. Ct. N.Y. City Nov. 25, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (citations omitted).

The BIA did not abuse its discretion in denying Jakaj's motion, finding that the evidence he submitted was not material. *See* 8 C.F.R. § 1003.2(c) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."). Jakaj had presented evidence at the time of his hearing that numerous family members had previously been granted asylum because of the persecution they suffered under Communism; one of them testified at his hearing. Therefore, his additional evidence confirming family relationships, as well as his evidence that another uncle had been granted asylum after Jakaj's own hearing, was merely cumulative of evidence the IJ and BIA had already considered. Moreover, the evidence did not clearly indicate the basis for the recent grant of asylum to the uncle, nor did Jakaj allege that he and his uncle were similarly situated. And the uncle's affidavit suggested that his claim was based on much more recent incidents of personal persecution. Jakaj left Albania

18

in 1988, and the only portion of the IJ's opinion that the BIA had specifically affirmed was that conditions in Albania had since changed to the point that Jakaj no longer had a well-founded fear. In this light, the BIA reasonably concluded that the evidence was insufficiently relevant to help Jakaj establish a prima facie case for relief. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Moreover, because Jakaj had a full and fair opportunity to present evidence before the IJ, and the BIA gave reasoned consideration to his submissions of new evidence with both his appeal and his motion, the BIA did not deny him due process in declining to grant another hearing. *Cf. Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).