**AI HUA TANG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondent.**

No. 03–4890–AG.

United States Court of Appeals,
Second Circuit.

Feb. 1, 2007.

Frank R. Liu, New York, NY, for Petitioners.

Michael J. Sullivan, United States Attorney for the District of Massachusetts, Gina Walcott–Torres, Assistant United States Attorney, Boston, MA, for Respondent.

Present: DENNIS JACOBS, Chief Judge, RALPH K. WINTER, RICHARD C. WESLEY, Circuit Judges.

**34**

***SUMMARY ORDER***

Petitioner Ai Hua Tang, a native and citizen of the People's Republic of China, seeks review of an April 15, 2003 order of the BIA affirming the April 20, 1999 decision of Immigration Judge ("IJ") Sandy Hom denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ai Hua Tang,* No. A76 099 808 (B.I.A. Apr. 15, 2003), *aff'g* No. A76 099 808 (Immig. Ct. N.Y. City Apr. 20, 1999). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ's decision without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review the IJ's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–339 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confi-

dently predicted that the IJ would adhere to the decision were the case remanded).

In this case, substantial evidence does not support the IJ's adverse credibility finding, as it was based almost exclusively on discrepancies between Tang's testimony and her husband's 1993 asylum application, the reliability of which was questionable. Tang maintained that she had been forcibly sterilized in 1983; however, her husband wrote in his application that the cadres had tried to sterilize him, rather than Tang. The IJ's assumption that the husband's statements implied Tang's statements were false was arbitrary when (1) the IJ did not identify any discrepancies or other major problems with Tang's testimony itself; (2) Tang's husband filed his application before forced sterilization, much less the forced sterilization of a spouse, was a ground for asylum,[1] and thus had "self-evident motives to invent or enhance events"; and (3) the IJ never had the opportunity to evaluate Tang's husband's credibility, nor did any IJ, as Tang indicated that he had been ordered removed *in absentia.* *See Bao Zhu Zhu v. Gonzales,* 460 F.3d 426, 431–32 (2d Cir.2006). The IJ's rejection of the evidence Tang offered to corroborate her claim—a sterilization certificate and two reports of medical exams by doctors in the United States—based solely on the discrepancy presented by her husband's application was likewise arbitrary.

When Tang admitted that her husband lived with her in New York, however, the IJ was reasonable in faulting her for failing to provide, at minimum, an affidavit from him to corroborate her claim. *See Pavlova v. INS,* 441 F.3d 82, 91 (2d Cir.

---

1. Congress amended the INA in 1996 to provide that a person who has been forced to abort a pregnancy or undergo involuntary sterilization, or persecuted for refusal to undergo such a procedure, is deemed to have been persecuted on account of political opin-

ion. *See* 8 U.S.C. § 1101(a)(42). Subsequently, the BIA expanded this definition to include the spouses of individuals forced to undergo such procedures. *Matter of C–Y–Z–,* 21 I. & N. Dec. 915, 1997 WL 353222 (BIA 1997).

2006). Such a statement arguably could clarified the discrepancies raised by his application. Nonetheless, this finding is insufficient to sustain the adverse credibility finding as a whole, when it was based almost entirely on discrepancies external to Tang's application, and when the IJ's reliance on those discrepancies was arbitrary under the circumstances. *See id.* at 91–92; *Bao Zhu Zhu,* 460 F.3d at 433–34. Because we cannot predict with confidence that the IJ would reach the same conclusion absent his erroneous reliance on Tang's husband's asylum application, we remand Tang's asylum and withholding claims so that the agency may reevaluate her credibility. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 111 (2d Cir. 2006). However, as she did not challenge the IJ's denial of CAT relief in her brief to the BIA, nor does she challenge it here, that claim is dismissed. *See Karaj v. Gonzales,* 462 F.3d 113, 119–20 & n. 3 (2d Cir.2006).

For the foregoing reasons, the petition for review is GRANTED, in part, and DISMISSED, in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).