**QIN HUAI DONG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 03–4216–ag.**

United States Court of Appeals, Second Circuit.

Feb. 9, 2007.

Fengling Liu, New York, New York, for Petitioner.

Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, Daryl F. Bloom, Assistant United States Attorney, Harrisburg, Pennsylvania, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Qin Huai Dong, a native and citizen of the People's Republic of China, seeks review of a January 21, 2003 order of the BIA affirming the November 1, 2001 decision of Immigration Judge ("IJ") William C. Peterson denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qin Huai Dong,* No. A77 323 059 (B.I.A. Jan. 21, 2003), *aff'g* No. A77 323 059 (Immig. Ct. N.Y. City Nov. 1, 2001). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ's decision without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). Questions of law, and application of law to fact, are reviewed *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–41 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Substantial evidence supports the IJ's adverse credibility finding, which was ap-

propriately based on (1) Dong's admission that she made deliberate misstatements regarding the basis for her asylum claim at both her airport and credible fear interviews; (2) an inconsistency between Dong's asylum application and testimony regarding when and why her father began practicing Falun Gong in secret; and (3) Dong's implausible claim that after she rushed to her father's apartment in the middle of the night to help him escape before the police arrived, she remained in the apartment and went to sleep. Moreover, she necessarily cannot prevail on her withholding claim, which rested on the same facts as her asylum claim. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275–76 (2d Cir.2003). Finally, we deem Dong's CAT claim waived because she fails to challenge it meaningfully in her brief to this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).