Pranvera NARKAJ, Mirash
Narkaj, Petitioners,

v.

Alberto GONZALES, Respondent.

Nos. 06–4644–ag (L), 06–4645–ag (CON).

United States Court of Appeals,
Second Circuit.

July 13, 2007.

Gregory Marotta, Law Office of Richard Tarzia, Belle Mead, NJ, for Petitioners.

Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, Gregory J. Nescott, Assistant United States Attorney, Pittsburgh, PA, for Respondents.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRES and Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Petitioners Pranvera Narkaj and Mirash Narkaj, natives and citizens of Albania, seek review of the September 12, 2006

orders of the BIA affirming the March 3, 2005 decision of Immigration Judge ("IJ") Theresa Holmes Simmons denying Mirash Narkaj's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Narkaj*, Nos. A75 559 665/666 (B.I.A. Sept. 12, 2006), *aff'g* Nos. A75 559 665/666 (Immig. Ct. N.Y. City Mar. 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. United States Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

We conclude that substantial evidence supports the IJ's adverse credibility finding, when a consular investigation indicated that two of the documents Narkaj submitted were fraudulent, and he failed to submit any evidence in rebuttal. *See Borovikova v. United States Dep't of Justice*, 435 F.3d 151, 157–58 (2d Cir.2006). Even assuming the consular report was not reliable, *cf. Zhen Nan Lin v. United States Dep't of Justice*, 459 F.3d 255 (2d Cir. 2006), Narkaj cannot establish that he was prejudiced by the IJ's reliance on that report when the IJ explicitly stated that she doubted its reliability, and independently found him not credible based on inconsistencies in his testimony. When Narkaj could not remember whether his family was ever designated as a politically persecuted family, or issued a card from the Association of the Formerly Politically Persecuted People, the IJ reasonably found that he failed to authenticate the card he submitted from that organization. Likewise, when he failed to mention in his asylum application that he was arrested at a demonstration in 1990, and testified that his brother was present at that demonstration while his brother testified to the contrary, the IJ reasonably found that he failed to establish this allegation. *See Zhou Yun Zhang*, 386 F.3d at 73–74.

Moreover, because Narkaj's credibility was called into question, the IJ reasonably faulted him for failing to submit additional corroboration, *see id.* at 7—notably, the testimony of his wife, who was present in the courtroom. Finally, although Narkaj attempted to attribute his contradictory testimony to memory loss he sustained as a result of a 1998 car accident, the IJ reasonably rejected this uncorroborated explanation given the magnitude of the contradictions. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

The adverse credibility finding, which is amply supported by the record, is fatal to Narkaj's claims for asylum and withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 276 (2d Cir.2003). Narkaj's CAT claim is dismissed for lack of jurisdiction, because he did not challenge it meaningfully in his brief to the BIA, and therefore failed to exhaust his administrative remedies. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119–20 & n. 3 (2d Cir.2006).

For the foregoing reasons, the consolidated petitions for review are DENIED, in part, and DISMISSED, in part. Having completed our review, the pending motion for a stay of removal in this petition is

DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).