**QIHUA JIANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–5346–ag.

United States Court of Appeals, Second Circuit.

Aug. 8, 2007.

Jisheng Li, Honolulu, HI, for Petitioner.

Thomas A. Marino, United States Attorney; Daryl F. Bloom, Assistant United States Attorney, Harrisburg, PA, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Qihua Jiang, a citizen of the People's Republic of China, seeks review of an October 24, 2006 order of the BIA, affirming the May 17, 2005 decision of Immigration Judge ("IJ") Sarah Burr, denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Qihua Jiang*, No. A96 336 034 (B.I.A. Oct. 24, 2006), *aff'g* No. A96 336 034 (Immig. Ct. N.Y. City May 17, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 337 (2d Cir.2006); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

As an initial matter, in his brief to this Court, Jiang does not argue that he is entitled to CAT relief. Accordingly, we

deem any challenge to the IJ's denial of CAT relief abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

With regard to Jiang's claims for asylum and withholding of removal, substantial evidence supports the IJ's adverse credibility determination, which was based principally on Jiang's failure to: (1) establish his identity; (2) credibly testify in sufficient detail regarding his Falun Gong practice; and (3) present reliable corroborating evidence. The IJ reasonably questioned Jiang's identity because the notarial birth certificate he submitted was unauthenticated and questionably obtained, and Jiang failed to present his passport to the IJ. *See Zhou Yun Zhang,* 386 F.3d at 74.

The IJ reasonably found that Jiang did not provide sufficiently detailed testimony regarding his Falun Gong practice because he was only able to describe it by stating, according to his "recollections, from when [he] observe[d] other people practice, the very last set [of Falun Gong exercises] was the people cross the leg while they sit down." Hearing Tr. at 34. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 151 (2d Cir.2003); *Rizal v. Gonzales,* 442 F.3d 84, 90 (2d Cir.2006) (holding that detailed doctrinal knowledge of a religion is not required of an applicant, but recognizing that some showing of understanding may be required). Also, the IJ reasonably questioned Jiang's testimony that the reason he did not practice Falun Gong with others in the United States was because they laughed at him and "told [him] it is useless." Hearing Tr. at 33. In finding this claim implausible, the IJ did not err by referencing her own experience regarding the number of Falun Gong practitioners in New York City. *See Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007).

Finally, the IJ was reasonable in discounting Jiang's Falun Gong membership certificate because, among other questionable aspects, the certificate indicated that it was issued in Fuzhou City after an examination, but Jiang testified that he received it in his village having never taken an examination. *See Siewe,* 480 F.3d at 169.

In sum, the IJ's adverse credibility finding, based cumulatively on the inconsistencies, implausibilities, and lack of corroborating documents, was supported by substantial evidence. *Zhou Yun Zhang,* 386 F.3d at 74. Because the only evidence of a threat to Jiang's life or freedom depended upon his credibility, the IJ's adverse ruling on this issue necessarily precludes success on his claims for asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006)

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).