**YOU ZHU LI, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General, Respondent.**

**No. 07–5789–ag.**

United States Court of Appeals, Second Circuit.

Aug. 6, 2008.

Theodore N. Cox, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, James A. Hunolt, Senior Litigation Counsel, Nicole N. Murley, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner You Zhu Li, a native and citizen of the People's Republic of China, seeks review of the December 11, 2007 order of the BIA affirming the May 31, 2006 decision of Immigration Judge ("IJ") Terry A. Bain, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re You Zhu Li,* No. A97 814 079 (B.I.A. Dec. 11, 2007), *aff'g* No. A97 814 079 (Immig. Ct. N.Y. City May 31, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Generally, when the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

Li argues principally that the BIA violated his due process rights by failing to consider his asylum and withholding of removal claims. However, the BIA's decision clearly affirmed the IJ's denial of each of Li's claims. To the extent Li argues that the BIA violated his due process rights by issuing a summary decision pursuant to 8 C.F.R. § 1003.1(e)(5), that argu-

ment is foreclosed by this Court's decision in *Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 156–59 (2d Cir.2004) (summary decisions by BIA do not violate due process).

Furthermore, by failing to raise the merits of his asylum and withholding claims in his brief to this Court, Li waived any challenge to the denial of that relief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Similarly, Li fails to raise any challenge to the BIA's affirmance of the IJ's denial of his CAT claim. Accordingly, we deem that claim abandoned. *See id.* In any event, the BIA's denial of CAT relief based on Li's alleged illegal departure was proper because he did not establish "that someone in his particular alleged circumstances is more likely than not to be tortured if imprisoned in China." *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir. 2003); *see also Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.