**XIANG MING JIANG, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–1902–ag.

United States Court of Appeals, Second Circuit.

Oct. 17, 2008.

Norman Kwai Wing Wong, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Mary Jane Candaux, Assistant Director, Channah M. Farber, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROBERT A. KATZMANN, B.D. PARKER and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Xiang Ming Jiang, a native and citizen of the People's Republic of China, seeks review of an April 4, 2008 order of the BIA affirming the June 27, 2006 decision of Immigration Judge ("IJ") Margaret McManus denying his application for asylum, withholding of removal, and CAT relief. *In re Xiang Ming Jiang*, No. A96 107 361 (B.I.A. Apr. 4, 2008), *aff'g* No. A96 107 361 (Immig. Ct. N.Y. City, N.Y. June 27, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

## I. Asylum and Withholding of Removal

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination, *see Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir.2008).[1] We review

---

1. Jiang argues that the BIA's affirmance of     the IJ's decision without opinion violated his

the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Passi v. Mukasey*, 535 F.3d 98, 101 (2d Cir.2008).

■ We conclude that the IJ properly found that Jiang failed to establish that he was persecuted, and fears persecution, on account of a protected ground. *See* 8 U.S.C. § 1101(a)(42). Jiang argues that he is a member of the particular social group of "people who are targeted for gang violence because they are caught between rival criminal gangs but are not protected by police in China." However, he fails to establish that such a group constitutes a "particular social group" sufficient to render him eligible for asylum. *See* 8 U.S.C. § 1101(a)(42).

In *Matter of A–M–E & J–G–U–*, the BIA held that in order to constitute a particular social group, a proposed group must (1) exhibit a shared characteristic that is socially visible to others in the community, and (2) be defined with sufficient particularity. 24 I. & N. Dec. 69, 74–76 (B.I.A.2007). We agreed with that holding in *Ucelo–Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir.2007). In *Matter of S–E–G–*, 24 I. & N. Dec. 579 (B.I.A.2008), the BIA considered the cases of applicants from El Salvador who claimed eligibility for asylum based on their membership in the particular social groups of: (1) Salvadoran youths who have resisted gang recruitment; and (2) family members of such Salvadoran youths. The BIA concluded that neither proposed group satisfied the "social visibility" test set forth in *Matter of A–M–E & J–G–U–*, because "victims of gang violence come from all segments of society, and it is difficult to conclude that any 'group,' as actually perceived by the criminal gangs, is much narrower than the general population of El Salvador." *Id.* at 586–88; *see also Matter of E–A–G–*, 24 I. & N. Dec. 591, 594 (B.I.A.2007) (finding that the proposed group of "persons resistant to gang membership" in Honduras lacked the social visibility that would allow others to identify its members as part of the group).

Jiang has not demonstrated that his proposed group is sufficiently "socially visible" to render him eligible for asylum. *Cf. Matter of A–M–E & J–G–U–*, 24 I. & N. Dec. at 74–76; *Ucelo–Gomez*, 509 F.3d at 73. While he asserts that the past experience of having been caught in rival gangs' violence is the immutable characteristic that defines his social group with particularity, the BIA has found that shared past experiences alone do not suffice to define a particular social group. *See Matter of S–E–G–*, 24 I. & N. Dec. at 584. Rather, to establish asylum eligibility, Jiang must also show that the group he describes is generally perceived as a discrete group by Chinese society. *Id.* at 586–87. We find no error in the agency's conclusion that Jiang failed to make such a showing. Indeed, nothing in the record reflects that he possesses any characteristics that would allow others in Chinese society to recognize him as someone caught between rival gangs. *See Matter of E–A–G–*, 24 I. & N. Dec. at 594. Jiang's failure to establish that his proposed group is socially visible is fatal to claims for asylum and withhold-

due process rights because his case did not fall within the purview of 8 C.F.R. § 1003.1(e)(4). *This argument is unavailing.* The regulation permits a single board member to affirm an IJ's decision without opinion,

8 C.F.R. § 1003.1(e)(4), and we have previously found no due process concerns with respect to that regulation, *see Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 160 (2d Cir.2004).

ing of removal. *See Matter of A–M–E & J–G–U–*, 24 I. & N. Dec. at 74–76; *Ucelo–Gomez,* 509 F.3d at 73.

## II. CAT Relief

■ We decline to consider Jiang's argument that the IJ erred in denying his application for CAT relief based on his illegal departure, as he failed to exhaust that claim in his appeal to the BIA. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1(b) (2d Cir.2007).

■ Jiang's argument that the IJ erred in denying his application for CAT relief based on his fear of gang members in China is unavailing. An applicant seeking protection under the CAT must show, *inter alia,* that the harm that he fears will be inflicted "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Jiang testified that Wu Jia Zi, the gangster who allegedly seeks to harm him, was sent to prison for nine years, thus indicating that the Chinese government would not acquiesce should Wu Jia Zi seek to harm Jiang. While Jiang testified that he fears retaliation from Wu Jia Zi's police officer relatives, he has pointed to nothing in the record to demonstrate that such action would be tolerated by the police department, given their willingness to prosecute and imprison Wu Jia Zi. Accordingly, Jiang's argument fails.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).