21-6144
Prajapati v. Garland

BIA
Nelson, IJ
A200 006 951

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand twenty-three.

PRESENT:
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

HARSHAD KUMAR BABABHAI PRAJAPATI,
> *Petitioner,*

v.                                                                21-6144
                                                                  NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**　　　　　　　Jaspreet Singh, Esq., Law Office of Jaspreet Singh, Jackson Heights, NY.

**FOR RESPONDENT:**　　　　　　Brian Boynton, Acting Assistant Attorney General; Jessica A. Dawgert, Senior Litigation Counsel; Giovanni B. Di Maggio, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Harshad Kumar Bababhai Prajapati, a native and citizen of India, seeks review of a February 16, 2021 decision of the BIA, affirming a September 6, 2018 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Harshad Kumar Bababhai Prajapati*, No. A200 006 951 (B.I.A. Feb. 16, 2021), *aff'g* No. A200 006 951 (Immigr. Ct. N.Y. City Sept. 6, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances we have reviewed the decision of the IJ as supplemented by the BIA, *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005), but without considering the portions of the IJ's decision that the BIA did not

2

"explicitly adopt," *Yu Sheng Zhang v. U.S. Dep't of Just.*, 362 F.3d 155, 159 (2d Cir. 2004) (per curiam). An asylum applicant has the burden to establish either past persecution or a well-founded fear of future persecution. 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(a), (b). "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the . . . testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(ii). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account," and inconsistencies within and between an applicant's statements "without regard to whether" they go "to the heart of the applicant's claim." *Id.* § 1158(b)(1)(B)(iii).

Prajapati, who is a Hindu and a member of the Bharatiya Janata Party ("BJP") alleged that he was attacked by both Muslims and members of the rival Congress Party. The agency concluded that Prajapati was not credible and did

3

not otherwise meet his burden of proof with documentary evidence. We review an adverse credibility determination for substantial evidence and treat the agency's findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). However, an adverse credibility determination must "be supported by reasonable, substantial and probative evidence in the record when considered as a whole." *Hong Fei Gao*, 891 F.3d at 76 (internal quotation marks and citations omitted). We remand because the agency did not identify substantial evidence for the adverse credibility determination.

The BIA affirmed the IJ's conclusion that Prajapati was not credible based solely on the IJ's finding that Prajapati "had difficulty answering the question regarding what his injuries were" because he answered that he was "hit with a stone rather than indicating what the injury was." Certified Administrative Record ("CAR") at 60. The BIA found no clear error in the IJ's conclusion that Prajapati's responses were "hesitant and evasive" and that his arguments that he did not understand what was being asked were insufficient to overturn the IJ's credibility finding "particularly given the sheer number and varied formulations of the question." CAR at 4 (internal quotation marks and citation omitted). An

4

examination of the record undermines the BIA's conclusion.

The crux of the issue stems from brief questioning during the hearing in which the IJ asks four times some variation of "what was the injury." CAR at 103–04 (Tr.). The IJ is correct that Prajapati seemed to have difficulty answering the question. However, the agency fails to acknowledge that—in the span of this line of questioning—at one point the IJ cuts off counsel to ask her own question and at another point the interpreter interjects. Moreover, contrary to the BIA's reading, the IJ did not vary her questioning, rather she used the same language in four separate questions and, not surprisingly, received the same answer. *Id.* at 104 (Tr.) (IJ asking, "what was your injury," "what was the injury," "[w]hat was the injury," and "what the injury was").

The first time the IJ asked "And *what was your injury* caused by the stone?" she interrupted counsel from asking "Can you say *where on your body* —," and Prajapati responded "I was injured in my forehead and in my back." *Id.* at 103–04 (emphasis added). The second time the IJ asked "[a]nd *what was the injury* to your forehead," the interpreter did not comprehend the question, so the IJ simply repeated "*[w]hat was the injury* to your forehead?" *Id.* at 104 (emphasis added). At that point Prajapati hesitated, saying "[i]t was a, a, I was hit by stone in my

5

forehead." *Id.* The IJ asked again "I understand that, sir, I'm asking *what the injury was*" and Prajapati responded, "[i]t, it was the, the a -- I mean, a stone thrown at me and injured me." *Id.* (emphasis added). While this answer is not responsive to the detail the IJ wanted, in a colloquial sense it does answer the question: there is only one plausible injury that could occur from a rock hitting a head—a head injury. At that point the IJ rephrased the question and asked, "how did it injure you," to which Prajapati responded, "Yes, I, I, I was bleeding, and I, I had to bandage it and also, I, I was hit in the back." *Id.*

Moreover, if the lack of detail Prajapati provided about the scope of his injuries caused the IJ to "wonder whether the testimony [was] fabricated," she could have "probe[d] for incidental details, seeking to draw out inconsistencies that would support a finding of lack of credibility." *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Just.*, 494 F.3d 296, 305 (2d Cir. 2007) (en banc). Without so probing, however, this finding alone is insufficient support for an adverse credibility determination. *See Jin Chen v. U.S. Dep't of Just.*, 426 F.3d 104, 114 (2d Cir. 2005) (holding that the record did not support adverse credibility determination in the absence of additional questioning).

6

The BIA affirmed the adverse credibility determination solely based on this interaction citing Second Circuit caselaw "granting particular deference to credibility findings based on demeanor." CAR at 4 (BIA Decision) (citing *Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 109 (2d Cir. 2006)). However, given the issues with the finding discussed above, this finding alone is not substantial evidence for an adverse credibility determination. We require "specific, cogent reasons for the adverse credibility finding" and the deference due to the IJ "cannot insulate the decision from review." *Hong Fei Gao*, 891 F.3d at 76–77 (internal quotation marks and citations omitted).

We remand to the BIA because the adverse credibility determination was central to the agency's denial of relief. Although the BIA also addressed Prajapati's documentary evidence and concluded that it did not otherwise meet his burden of proof, that conclusion relies on the adverse credibility determination because the agency determined the amount of corroboration needed based on the absence of credible testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) (agency weighs credibility and corroboration in determining whether an applicant has met his burden of proof). This error in the analysis of past persecution warrants remand because a finding of past persecution would result in a presumption of future

7

persecution, and the burden would then be on the Department of Homeland Security (not Prajapati) to establish by a "preponderance of the evidence" that there had been a fundamental change in circumstances in India or that Prajapati can safely relocate. 8 C.F.R. § 1208.13(b)(1)(ii). Whether Prajapati has failed to meet his burden of proof even if credible is not for us to determine in the first instance. *See INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) ("A court of appeals is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry. Rather, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." (internal quotation marks and citations omitted)).

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8